Saucier, et al. *v.* Talkington

No. 43253 January 11, 1965 170 So. 2d 434

*William F. Riley, Fred C. Berger,* Natchez, for appellants.

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

Lee, C. J.

Edward Saucier, and others, the members of the immediate family and sole heirs of William Charles Saucier, deceased, brought this suit against Mrs. T. W. Talkington to recover damages on account of his death.

The pleadings and the evidence presented the question as to whether the defendant, in the operation of her automobile on Liberty Road in the City of Natchez, was guilty of negligence either in failing to keep a lookout, or to have her vehicle under control, or in running it at an excessive rate of speed, or in failing to stop and avoid injury, and thereby proximately caused or contributed to the injury and death of the decedent.

Mrs. Frances Devening was a teacher in the Montebello elementary school of the City. The deceased, an eleven year old boy, was attending the same school and was in the fourth grade. For approximately two years, she had given him a ride home after school turned out, as a rule between 2:45 and 3:15 in the afternoon. On May 8, 1962, the boy was again riding home with her. It was her custom, as she proceeded west, to stop on the north side of the street, where he would get out, and then cross the street to his home, on the south side.

Mrs. Devening testified that, when she stopped, she did not see any car approaching from the west. The boy opened the right door, stepped on the grass, and she bade him "watch for cars". He walked alongside her car to the rear. She did not see him any more until after he had been struck. She had seen the approaching Talkington car, only several car lengths down the road; but she estimated that it was traveling at a speed of 35 to 40 miles an hour at the time. She did not see the collision, but heard tires "squealing". She denied that she told Mrs. Talkington, immediately after the collision, that the boy ran into the car. She admitted, while on the witness stand, that she did not know whether the boy hit the car or the car hit him. She further admitted that she really did not know what she had said at that time.

Mrs. T. W. Talkington, called as an adverse witness, stated that she was a teacher in the Morgantown elementary school of the City; that the schools turned out between 2:30 and 3:15 in the afternoon; and that she was familiar with the general area and drove on Liberty Road about three times each week. Her testimony was to this effect: She had left school, had run several errands, and was proceeding east on Liberty Road. It was a straight road and she had seen what later proved to be the Devening car, for about 400 feet as

it was approaching from the opposite direction. She saw it stop, and noticed several other cars behind it. At that time, she was traveling in this 25 mile zone at between 20 and 25 miles an hour. She saw nothing untoward about the car. She did not see the front door open on its right side, nor did she see this little boy disembark. She was carefully watching her side of the road. Suddenly, when the front of her car reached the middle of the stopped car, she saw a little form, hunched over, dart from behind it into and against the side of her car. He was within 2 or 3 feet of her car when she saw him. She applied her brakes and the car traveled several steps forward before stopping. She had no inkling whatever that a child or anyone else was about to dart from behind the standing car. She was traveling at this moderate speed and she had seen nothing to warrant her in driving slower. She had been driving cars for about 22 years. The brakes and everything about her car were in good condition.

Several witnesses testified as to the position of the child's body, and the point of impact and the skid marks. The skid marks apparently began about the time of the impact.

When the plaintiffs rested, the defendant called L. K. Bowen, a truck driver, who drove up behind the Devening car and necessarily had to stop. He testified that he saw another car was approaching from the opposite direction, and he could not do otherwise. The child got out, reached for his books, came to the back of the car, between the two vehicles, looked backward to his left, and then ran into the side of the oncoming car. The impact was about 3 feet south of the center lane. In his opinion, the Talkington car was traveling at a speed of 25 miles an hour. There was no cross-examination of this witness.

Willis E. Black, an employee of Johns-Manville Corporation as a guard, testified that he had overtaken

both the Devening and Bowen vehicles, as he was headed in the same direction. He saw an automobile approaching from the opposite direction and could not pass the two stopped vehicles as the approaching car was too close. He saw the right front door of the Ford, driven by Mrs. Devening, open, and the little boy get out with his books in his arm, go alongside the car to the space between it and the Bowen car, and, in a crouched position, run out in the road and into the side of the Talkington car. From side to side, there was about 3 feet between the cars. The extreme front of the Talkington car was about the middle of the Devening car when the boy emerged. The Talkington car then traveled about 40 feet before it stopped. There was a bump or dent on the car, where the boy struck it. He pointed it out on an exhibited photograph. Mrs. Talkington was driving not over 25 miles an hour. The boy was visible to him from the time he got out of the car until he ran into the car and bounced back on the pavement.

The controversy was submitted to the jury and it found a verdict for the defendant, Mrs. Talkington.

In their appeal here, the Sauciers contend that the court erred (A) in refusing to instruct the jury in substance that the appellee's failure to see the door of the Devening car open, and to see the boy get out, was negligence; (B) in refusing to grant their requested peremptory instruction; (C) in excluding the evidence of Patrolman Seale with regard to the distance in which the Talkington car could have reasonably been stopped, if traveling at 20 or 25 miles an hour; and (D) in giving the appellee an instruction on the sudden emergency rule.

 █ Mrs. Talkington explained that she was keeping a close lookout and had her car under control; that, with cars coming and going, a driver had to be alert because she did not want to run into cars on the left nor

cross the curb on the right; and that she had seen cars behind the Devening car. It is understandable how the drivers in the two cars behind the Devening vehicle could see the right front door open, the little boy get out, go around the Devening car, and cut across the road. The witnesses were close behind and on the same side of the road. On the contrary, Mrs. Talkington, as she approached, was on the other side and was in a different situation altogether. This issue of fact was a question for determination by the jury. Consequently the court was correct in refusing to give an instruction peremptorily charging that the appellee was guilty of negligence because of her admission that she did not see the opening of the door nor the little boy getting out of the car. Obviously that question was for the jury. This Court in McMinn v. Lilly, 215 Miss. 193, 60 So. 2d 603 (1952), said: "* * * a motorist is not required to anticipate the action of another person on or along the highway, whether a child or an adult, unless he knows, or by the exercise of reasonable care should know, of the presence of such person."

██ ██ Manifestly the verdict of the jury was supported by the great weight of the evidence for the appellee, and the requested peremptory instruction for the appellant, on the principal issue, was properly refused.

██ ██ Mason R. Seale had been a patrolman for 14½ years. He said that he had received specialized training in the braking and stopping of automobiles. He was then asked how long it would take to stop a 1959 Buick, properly equipped with power brakes and in good condition, if driven at 20 to 25 miles an hour. There was objection on the part of the defendant. The jury was excluded, and the witness, in its absence, then stated that he had taken a 12 or 15 hours course in a patrol training school and had made observations as to skid marks, reaction time and damage to vehicles.

In his opinion, the vehicle could be stopped within 20 feet, perhaps less. He explained that braking time is that space from the time the foot is placed on the brake until the stop is effected. He admitted that he was not an engineer and could not reckon with inclines.

The appellants cite Glens Falls Ins. Co. v. Linwood Elevator, 241 Miss. 400, 130 So. 2d 262 (1961). That controversy involved a fire damage case under an insurance policy. The chief of the fire department of Yazoo City, of wide experience with fires due to spontaneous combustion and knowledge of the effect of temperatures and flamability of materials, had made a thorough inspection of the tanks and the cooling system, which were involved. In answer to a hypothetical question, setting out the plaintiffs' case, he was permitted to give his opinion that spontaneous ignition had occurred. The opinion cited a number of cases, together with an excerpt from 20 Am. Jur., Evidence section 783 pp. 656-7. The opinion also cited section 786 Ibid. pp. 659-60, to the effect that it is largely in the discretion of the trial judge as to whether or not a witness will be permitted to testify as an expert. Cf. Gray v. Turner, 245 Miss. 65, 145 So. 2d 470 (1962); City of Jackson v. Reed, 233 Miss. 280, 102 So. 2d 342 (1958); Standard Oil Co. v. Crane, 199 Miss. 69, 23 So. 2d 297 (1945).

The evidence as to the exceptional skill or expertness on the part of this witness lacked the requisite clarity which could justify this Court in finding an abuse of the discretionary power of the trial judge in declining to admit it. But even if this testimony had been admitted, it would have been inconsequential in showing any ability of the appellee to stop the car or avoid injury within such a short distance after being apprised of the situation. This conclusion is supported by the evidence of all of the eyewitnesses.

■■ ■ The instruction on the sudden emergency rule was not correctly stated, and should not have been given

in that form. See Kettle v. Musser's Potato Chips, Inc., 162 So. 2d 243 (Miss. 1964), which reviews the previous decisions on this question. But, if human testimony is to be believed, especially when it is not in conflict with the physical facts, this unfortunate little fellow got out of the car, went around to the back of it, hurried across the road, and was looking in the opposite direction. The appellee's car was approaching so closely that it could not stop and the little boy ran into the side of it. While the instruction was not in proper form, it is unthinkable that it could, or in fact did, have any prejudicial effect upon the jury. It must therefore be held to be harmless.

In the case of Morris v. Boleware, 228 Miss. 139, 87 So. 2d 246 (1956), where an 8 year old child ran from behind some parked automobiles into the path of an approaching automobile, and the driver of the car then acted as a reasonable person would have acted in trying to avoid striking the child, the second syllabus says: "Negligence — child darting into path of automobile — no liability — case in point. Where a child suddenly runs around a parked car into the path of an automobile which is being operated with due care and is struck, in spite of everything that driver can do to avoid injuring child, there is no liability." See also Gordon v. Carr, 226 Miss. 836, 85 So. 2d 490 (1956).

This was a most regrettable tragedy. But the jury was amply warranted in finding that the appellee was not guilty of negligence proximately causing or contributing to the death of this unfortunate little fellow. There is no sound basis upon which this Court can find error sufficient to require a new trial of this case. Consequently, it must therefore be affirmed.

Affirmed.

*Ethridge, Gillespie, Jones and Brady, JJ.,* concur.