MORRIS, BY NEXT FRIEND, ETC., *v.* BOLEWARE

No. 40162          May 14, 1956          87 So. 2d 246

*Lee V. Prisock,* Jackson, for appellants.

*Wells, Thomas & Wells,* Jackson, for appellee.

Lee, J.

This was a suit by Earline Morris, a minor, by her mother and next friend, Mrs. Flora Morris, against Alson W. Boleware, to recover damages for personal injuries sustained by the child when she was struck by an automobile driven by the defendant.

The injury occurred in the afternoon of April 3, 1954, at the intersection of South Congress Street, running north and south, and South Street, running east and west, in the City of Jackson. The child, eight years of age, had gone on an errand for her mother from her home, about two doors south on Congress Street, to Yeagley's Grocery Store, on the northeast corner of the intersection, and was returning when she was struck by the automobile.

Geneva Pearson testified that both she and the child walked from the grocery store directly west across Congress Street; and when the signal light, over the center of the intersection, turned green, the witness proceeded across South Street with the child some distance behind her. Just as she stepped upon the south curb, she heard the squeaking of brakes. At that time, the child was out in the street about eight feet from the north curb and was struck by the westbound automobile. She estimated its speed at fifty miles an hour and that it slid about fifty feet. The impact knocked the child to the "tilt" of the hill; and when she came to rest, she was nearer the north than the south curb. Mrs. Alton Taylor, who was in the grocery store at the time, testified that the child crossed over Congress Street; and when the light changed to

green for traffic on Congress Street, the child started across South Street, and was struck after she had taken two or three steps. She said that the car ran the red light and was traveling pretty fast. Paul Hood testified that, as he was coming out of the grocery store, he saw the car strike the child. He did not know whether she was going or coming. He estimated the speed at over forty miles an hour, and that the car, after skidding twenty to thirty feet, knocked the child about twenty to twenty-five feet, though it then went only five or six feet after hitting her. He was positive that the child was struck east of the traffic light, which was at variance with the testimony of the other two witnesses. All three of these witnesses testified either that the horn did not blow, or that they did not hear it.

A. W. Boleware testified that he and a friend, James Jackson, had been talking to another friend, Jimmy Rogers, near the middle of the block just east of the intersection; that he started his car off with a normal acceleration, going west; that, in about 125 feet of the intersection, the green light giving him the right-of-way, was on; that when he was within two to two and one-half car lengths of the intersection, traveling at a speed of about twenty miles an hour, the little girl ran around an automobile, parked by the south side of the grocery store, and into his path; that he jammed his brakes, hit his horn, pulled slightly to the left, and did everything that he could to keep from striking the child; that he skidded about two lengths, or forty feet, struck the child with the right front fender and headlight, and knocked her from five to seven feet; that she ran out in front of him, and he could not keep from hitting her; and that it would have been impossible, with his power glide, to attain a greater rate of speed than twenty miles an hour in the distance which he had traveled from the start. James Jackson testified that there was nothing unusual in the manner in which the car started; that he was paying no

particular attention until the brakes were applied; that he then looked up and the child was about eight feet from the curb, coming around a car at the Yeagley corner; that there was not as much as two feet between the parked car and Boleware's car; and that Boleware's car stopped directly under the signal light, and had moved perhaps eight to ten feet after striking the child.

Jimmy Rogers testified that he began to walk east toward a service station as Boleware started his car with a normal acceleration; that he had walked about fifty or sixty feet when he heard the application of the brakes, which occurred about 150 feet from where Boleware's car started; and that he turned around about the time the car hit something. Oscar C. Caine, driving a bus for City Lines north on Congress Street, testified that he had to stop just south of this intersection because the red light showed against him; that he saw the little girl, with something in her hand, as she raised up and started to run across the street; that she was struck almost in the center of the westbound traffic lane, about eight feet from the corner; that the left front of the car, after it stopped, was almost directly under the signal light; that the car skidded about twenty-four feet; and that the red light, which required him to stop his bus, did not change until after the driver of the car got out to pick up the child.

Thus the evidence for the plaintiff and the defendant presented a sharp issue of fact as to whether Boleware had his automobile under reasonable and proper control, whether he was keeping a proper lookout, whether he was operating it at a reasonable speed, whether he negligently ran a red light, and whether he negligently failed to avoid injury to the child, or whether the child suddenly ran out into the path of his car at a time when he was guilty of no negligence, and whether he thereafter did everything in his power, as a reasonably prudent man would do in like circumstances, to avoid injuring her.

Obviously this sharply disputed issue of fact was for the determination of the jury.

The plaintiff, by several instructions, presented the applicable law, if the jury believed the evidence which she adduced. On the contrary, the defendant, by his instruction Number 2, presented the applicable law, if the jury believed the evidence which he produced.

■■■ But, the appellant contends that the instruction Number 2 was erroneous. The instruction told the jury, in effect, that if they believed from the evidence that Boleware was driving his automobile at a reasonable speed and had the same under reasonable control and was maintaining a reasonable lookout, and that the plaintiff ran from behind some parked vehicles into the path of the defendant's automobile at a time when the traffic light facing the defendant was green, and that the defendant then acted as a reasonable person would have acted in trying to avoid striking the child, but despite his efforts, his car did strike the child, then it would be the duty of the jury to find a verdict for the defendant, even though the defendant's automobile did hit the child.

■■■ There was no fallacy in this instruction. It was based on the evidence which supported the defendant's theory of the case, namely, that, at a time when the defendant was operating his automobile with due care, the little girl suddenly ran around a parked car into the path of his automobile, and was struck in spite of everything he could do to avoid injuring her. According to his evidence, he did not see the child and did not know that she was on the street until she ran around the parked car. The evidence for the defendant, together with the testimony of Paul Hood, a witness for the plaintiff, and the physical facts, warranted the conclusion that the automobile struck the child at or about the east, not the west, side of the intersection, and lends credence to the defendant's theory of the case.

Contributory negligence cannot be imputed to a child of such tender age. She sustained a substantial injury. But, regrettable as it may be, that alone would not warrant a recovery. ██ ██ There must have been negligence on the part of the defendant which proximately caused or contributed to her injury. Since the defendant testified that he did not know that there was a child at the intersection until she suddenly ran around the parked car in front of his automobile, the jury was well-warranted in believing that the defendant, in the exercise of reasonable care, could not have reasonably anticipated that some child would suddenly run around a parked car in front of his moving automobile. Thus the jury was warranted in finding that the defendant was guilty of no negligence whatever in connection with the injury to the plaintiff. See Gordon v. Carr, 226 Miss. 836, 85 So. 2d 490; McMinn v. Lilly, 215 Miss. 193, 60 So. 2d 603.

Neither was the verdict of the jury contrary to the great weight of the evidence.

From which it follows that the judgment of the trial court must be affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.