SMITH *v.* KILPATRICK

No. 43725          December 6, 1965          180 So. 2d 607

*Waller, Pritchard & Fox,* Jackson, for appellant.

*Lipscomb, Barksdale & Steen,* Jackson, for appellee.

SMITH, J.

This was a suit for damages for the death of Vicki Smith, a three year old child. It was brought by her father, William Jack Smith, in the Circuit Court of the First Judicial District of Hinds County under the provisions of Mississippi Code Annotated section 1453 (1956), against Mrs. Dorothy Kilpatrick.

At the conclusion of the evidence offered by the plaintiff, which included the testimony of Mrs. Kilpatrick

as an adverse witness, a motion was made to direct the jury to return a verdict for the defendant, and this motion was sustained by the court. A judgment was entered accordingly and from that judgment the plaintiff has prosecuted this appeal.

The question presented for decision by this Court is as follows:

Was the trial court in error in directing the jury to return a verdict for the defendant upon the ground that there was not sufficient evidence that the death of the child was the proximate result of negligence on the part of Mrs. Kilpatrick in the operation of her automobile to create a question of fact for determination by the jury?

The evidence showed that the fatal accident occurred on Cromwell Street, in the City of Jackson. This was a quiet, residential street, on which children lived and played, but apparently not in such unusually large numbers as to create a special hazard.

There were some vacant lots on the street, and the Smith home was adjacent to and North of a lot on which there was an unoccupied house. The driveway on this lot was next to the South line of the Smith lot.

On the day of the accident in which the child was killed, and just before it occurred, the child's mother looked out her kitchen window and observed her daughter and a little boy holding hands and skipping about in the driveway of the unoccupied property next door. She turned from the window for a moment to attend to something on the stove, and when she looked out again, her child was lying in the driveway.

No one saw the accident.

Mrs. Kilpatrick, placed on the stand as an adverse witness, testified, in brief, that after she turned North off of Ridgeway Street onto Cromwell Street, she stopped her car to speak to a friend who had also stopped his car.

From the point where she stopped her car to the point where the child was killed is, perhaps, something less than 200 feet. Mrs. Kilpatrick starter her automobile, which was a two door, manual shift model, and resumed her progress down Cromwell Street. She was singing a Sunday School song with her own little daughter who was riding with her in the car, but was keeping a proper lookout.

Mrs. Kilpatrick said that, as she passed along the street, her right wheels were about two feet from the curb on her right hand side. She had not shifted out of low gear, and was traveling about five to ten miles per hour when she heard a bump or thud on her right front door.

She stopped her automobile, got out and went back, and found the little Smith girl lying in the driveway. She said she had not seen the child before the impact on her car door, the sound of which she had heard.

A subsequent examination of Mrs. Kilpatrick's automobile disclosed a smudged place in the mud or dirt on the right hand door about the place where she heard the sound. There was no physical or other evidence that any other part of Mrs. Kilpatrick's automobile had come in contact with the child.

At the hospital, it developed that the little girl had suffered a depressed skull fracture, and there was some testimony that there were bruises and abrasions on her body. Four days afterward the child died from this injury.

A number of photographs were made and introduced into evidence showing various views of the street and abutting property. In some of these, bushes were shown growing on the North side of the unoccupied premises next to the Smith home, in the driveway of which the children were observed playing just before the accident.

Mrs. Kilpatrick was subjected to a searching cross-examination but her account of the occurrence did not

vary in any material particular. Her testimony as to how the accident happened is uncontradicted unless certain extra-judicial statements attributed to her constitute a contradiction.

The child's aunt testified that in a conversation with Mrs. Kilpatrick at the hospital "she just told me she saw the children up by the side of the road before she got there, and she was driving along at a moderate speed, singing to her little girl."

The child's grandfather testified that he had a conversation with Mrs. Kilpatrick at the hospital, and that Mrs. Kilpatrick said to him, "Well, I was going up the road and Mr. Williams was coming down the road, and, he stopped dead still for the children to come from the opposite side of the road; after that I went on and I heard a noise hit the car. I backed up to see what it was and I saw the child lying there."

Accepting this testimony at face value and assuming that one of the children referred to was Vicki Smith, the statements do not indicate that she was in the street when seen, or where she was with reference to the street. There is nothing in the statements from which a reasonable inference may be drawn that the child, when seen, was in a position of such apparent peril that Mrs. Kilpatrick should have anticipated that she would run into the street and into the side of the slowly moving car.

██ █ We do not think this testimony raises an issue of fact which would warrant its submission to a jury, as to whether any negligence on Mrs. Kilpatrick's part proximately caused or contributed to the injury and death of Vicki Smith.

██ █ In Hebert v. Lenart, 247 Miss. 494, 153 So. 2d 658 (1963), it was held that the burden of proving the child's position was upon the plaintiff. The Court said in 247 Miss. at 505, 153 So. 2d at 662:

. . . the burden was on the plaintiff to show that the child was in the street a sufficient time before the collision, and in a place within the range of vision of the bus driver, for the defendant, in the exercise of ordinary care, to have seen him and avoided striking him. But, as stated above, there is no evidence as to when the child came into the intersection, how he got there, or what the position of the bus was when he got there.

The Court in 247 Miss. at 505-506, 153 So. 2d at 663 quoted with approval from Simuaskas v. Connecticut Co., 102 Conn. 61, 65, 127 Atl. 918, 919, as follows:

. . . No witness observed any of the plaintiff's movements from the time when his brother left him standing on the South Riverside crosswalk, at which time the trolley car was taking on passengers at a point 70 feet distant. Perhaps the jury might reasonably have inferred that he was among the children seen running across Bank Street by Mrs. Ficeto. Even so, there is no evidence as to his movements with relation to the car after it started, until Miss Brennan saw him lying in the street.

It abundantly appears from the record that all of the known or discoverable facts bearing upon the circumstances of the tragic death of this little girl were produced in evidence. The record shows exceptional diligence on the part of counsel both in the preparation and presentation of the case in the court below and in the exhaustive and able briefs filed in this Court.

In passing upon the question here presented, we have considered as established the facts proved, or which the evidence tended to prove, which are favorable to appellant's case, and have accepted as true the reasonable inferences that may be drawn from the evidence favorable to appellant. Even so, there is no evidence, as distinguished from conjecture or speculation, that would show that any negligence on the part of Mrs. Kilpatrick

caused or contributed to the injury and death of this little girl. There was no factual issue and no evidence on which a jury would have been warranted in returning a verdict for appellant.

In Berry v. Brunt, 252 Miss. 194, 172 So. 2d 398, 401 (1965), this Court said:

In view of the fact that the burden of proof is upon the plaintiff, such circumstances must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more consistent with plaintiff's theory as to how the accident occurred. The Court further stated in 172 So. 2d at 402:

The Court has repeatedly held that in trials under the common law, to prove a 'possibility' only, or to leave the issue to surmise and conjecture, is never sufficient to sustain a verdict in a tort action. A mere scintilla of evidence of negligence is insufficient to make a jury issue. The scintilla rule of evidence is not recognized in this State.

The trial court was correct in directing the jury to return a verdict for the defendant.

Affirmed.

*Lee, C. J., and Gillespie, Jones and Inzer, JJ.,* concur.