GILLESPIE, Presiding Justice:
R. L. Bailey, Jr., a minor, filed suit against Mrs. Bory Moseley for personal injuries sustained by the plaintiff when defendant’s automobile collided with plaintiff while he was riding his bicycle. The jury returned a verdict for plaintiff, and defendant appealed.
Defendant assigns as error the refusal of the trial court to grant a peremptory instruction requiring a verdict for defendant. We hold that the evidence was insufficient to make a jury question on the issue of liability. The peremptory instruction should have been given. We reverse and enter judgment here for defendant.
The rule is well settled that in determining whether a peremptory instruction should be given the court must consider the facts in the light most favorable to' the plaintiff and must give the plaintiff the benefit of all permissible inferences.. The facts of this case are stated consistent, with this rule.
The accident occurred on Broad Street in West Point, Mississippi, at a point ninety-six feet east of the center of the intersection of Calhoun and Broad Streets. Defendant was driving her automobile east on> Broad Street. When she reached the intersection where Calhoun Street crosses-Broad, she stopped in obedience to a traffic signal. When the light turned green she started forward, nodded to an acquaintance as she was under the traffic light,, and continued east on Broad. She looked’ directly ahead as she drove the ninety-six: feet from the center of the intersection to-a point located opposite a driveway on the-south side of Broad Street leading to the Newell home. Broad Street is thirty feet wide measured from curb to curb. An automobile was parked on the south side of Broad Street, headed west so that its rear end was opposite the west edge of the-Newell driveway. The sidewalk is parallel to and nine and one-half feet south of the-south curb line of Broad Street. A telephone pole is located at the west edge of the Newell driveway between the sidewalk and the street. A hackberry tree twenty-nine inches in diameter is located sixteen *731 feet west of the Newell driveway on the neutral ground between the sidewalk and the street.
Defendant stopped her automobile at the west side of the intersection and had increased her speed to fifteen or twenty miles ■per hour when she reached a point opposite the rear end of the parked automobile. At that point the plaintiff was struck and ■¡knocked up into the air. This was the first time defendant saw the plaintiff.
Defendant then applied her brakes and turned to the left, preventing her automobile from running over the plaintiff. The Tight front headlight of defendant’s automobile was broken from the impact.
At the time of the accident plaintiff was five and a half years old. The trial was Iheld fifteen months later. Plaintiff was permitted to testify after a preliminary examination to determine whether he was •qualified as a witness. He testified that he had been playing with the Newell child prior to the accident; that when he started home, he rode down the sidewalk to the Newell driveway; that he then stopped and looked both ways and could not see anything, and went out the driveway where he was hit beside the parked automobile.
The plaintiff’s father testified that he talked to defendant at the hospital shortly ■after the accident, at which time she told him that she was the one who hit the boy ■and how sorry she was about it, and that if she had been noticing that side of the street more closely, she might have seen him, but that she didn’t see him in time to ■stop. He also testified that he believed ■defendant told him she must have knocked him thirty feet in the air. The chief of police testified as to skid marks that were found at the scene of the accident. He •did not have any notes and did not know the exact length of these skid marks, but thought they were not over thirty feet long. He further stated that the skid marks could have been shorter, and he was not sure just where they started and ended.
A school is located less than a block east of the scene of the accident, and another school is located about a block away in another direction. The accident took place in a school zone in a residential neighborhood. The defendant was well aware of the nature of the neighborhood in which she was driving. The accident occurred about four o’clock in the afternoon. The school traffic had cleared by three-thirty o’clock. Defendant was driving at a reasonable rate of speed under the circumstances. She was keeping a lookout in front. There is no evidence exceeding a scintilla that defendant saw, or in the exercise of reasonable care should have seen, plaintiff at any time before he darted in front of her automobile.
This Court follows the rule that when a motorist is driving at a reasonable rate of speed and is obeying the rules of the road, he is not liable for injuries to a child who darts out from behind a fence or parked vehicle so suddenly that the motorist cannot stop or otherwise avoid injuring the child. This general rule is stated in 7 Am.Jur.2d Automobiles and Highway Traffic §§ 449, 450 (1963). This Court so held in the recent cases of Smith v. Kilpatrick, 254 Miss. 155, 180 So.2d 607 (1965), and Agregaard v. Duncan, 252 Miss. 454, 173 So.2d 416 (1965). In the Agregaard case the motorist was within the speed limits when a child rode his bicycle from behind a fence covered with vines. The defendant was eight or ten feet away when he saw the child. The child was struck and killed, and this Court held that there was no issue for the jury. In the present case the impact was at the rear of the parked vehicle, so that defendant had no opportunity to see the child before the impact between the child’s bicycle and the right front headlight of defendant’s vehicle. See also Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963).
We have considered carefully the arguments of appellee bearing upon the fact that the accident occurred in a school zone. School traffic was not a factor in *732 this case. The accident took place in a residential area, and there is nothing to show that it was different from any other residential area after the school traffic had cleared some half hour or more prior to the accident. We are of the opinion that defendant was exercising reasonable care under the circumstances.
This case is unlike those cases where the child is in the street and the motorist sees, or should see, the child in the exercise of reasonable care. Under those circumstances the motorist must anticipate the unusual and impulsive actions characteristic of persons of immature years. Moak v. Black, 230 Miss. 337, 92 So.2d 845 (1957); McMinn v. Lilly, 215 Miss. 193, 60 So.2d 603 (1952). Nor is this case similar in fact to Gordon v. Lee, 208 Miss. 21, 43 So.2d 665 (1949), where the jury was justified in finding that the child went over the curb before entering the highway a distance of five to seven feet before he was struck by defendant’s vehicle. This case is outside the scope of those cases where the child is either in the street or highway or so close to it as to require the motorist to anticipate his impulsive actions.
The extrajudicial statements attributed to defendant in this case are insufficient to make a jury issue. One such statement involved how high the child was knocked in the air and the other what the defendant might have been able to do had she been noticing the south side of the street.
We are of the opinion, and hold, that there is no direct or circumstantial evidence showing that the defendant in the exercise of reasonable care either saw, or should have seen, the plaintiff before the impact. In Smith v. Kilpatrick, 254 Miss. 155, 160, 180 So.2d 607, 609 (1965), this Court said:
Accepting this testimony at face value and assuming that one of the children referred to was Vicki Smith, the statements do not indicate that she was in the street when seen, or where she was with» reference to the street. There is nothing' in the statements from which a reasonable-inference may be drawn that the child, when seen, was in a position of such apparent peril that Mrs. Kilpatrick should have anticipated that she would run into' the street and into the side of the slowly moving car.
The judgment of the trial court is reversed, and judgment is entered here for defendant.
Reversed and rendered.
RODGERS, JONES, BRADY and SMITH, JJ., concur.