ETHRIDGE, Chief Justice:
This case involves an unfortunate accident in which a six-year-old boy, Jeffrey Smith, suddenly darted out in front of an automobile driven by defendant-appellee, Glenn W. Alford, and received serious injuries. After hearing the testimony for plaintiffs, the Circuit Court of Harrison County directed a verdict for defendant. Because the evidence and any reasonable inferences from it fail to show any negligence by Alford, the judgment below is correct and is affirmed.
The only witnesses to the accident were Alford, called as an adverse witness, and a *189 ten-year-old boy, Timothy Smith, cousin of the minor plaintiff. Alford, with his two children, was driving north on Teagarden Road. When he reached the intersection with Pass Road, he stopped pursuant to a red traffic light. He activated his left turn signal, and when the light changed to green, he made a left turn headed west on Pass Road. Stopped at a red light before Alford turned left were a truck, two school busses and several automobiles, all headed east. Alford looked at the school busses, and saw no children unloading and no stop signals on them. He then proceeded west on Pass Road for over 200 feet, when he noticed a shadow out of his left eye, felt a light impact and immediately stopped his car. Before the impact he was driving 10-15 miles per hour. There were no skid marks. Jeffrey had gone with his ten-year-old cousin to a service station on the southwest side of the road, and after completing their errand, plaintiff darted across the street between the stopped, eastbound cars and ran into the westbound lane occupied by defendant’s car some 200 or more feet west of the stop light. Plaintiff’s ten-year-old cousin, who saw Alford’s car coming, testified that Jeffrey ran into the street between the busses.
There is not enough evidence to make a jury issue as to any negligence by defendant. Jeffrey could not be guilty of contributory negligence, but plaintiffs had the burden to offer evidence indicating that in some way defendant was negligent and that this negligence proximately contributed to the accident. Plaintiffs failed to do this. Appellants argue that defendant failed to anticipate the presence of small children in the area and to keep a reasonable lookout for them. The two stopped school busses, in the lane of traffic headed east, were observed by defendant. They had no stop signs activated, and no children were leaving the busses, so they are not a factor in this case. See Moseley v. Bailey, 193 So.2d 729 (Miss. 1967). The undisputed evidence is that Jeffrey suddenly darted out from behind a car or bus that was in the line of traffic headed east and ran into the westbound traffic over 200 feet from the intersection, and that Alford was driving at a reasonable rate of speed and keeping a proper lookout. He saw the shadow of the child as soon as Jeffrey came from between the stopped, eastbound vehicles, and did everything he could under the circumstances to stop his car.
When a motorist is driving at a reasonable rate of speed and is obeying the rules of the road, he is not liable for the injuries to a child who darts out from behind a fence or parked or stopped vehicle so suddenly that the motorist cannot stop or otherwise avoid injuring the child. Moseley v. Bailey, 193 So.2d 729 (Miss. 1967); Smith v. Kilpatrick, 254 Miss. 155, 180 So. 2d 607 (1965); Agregaard v. Duncan, 252 Miss. 454, 173 So.2d 416 (1965); Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963). Gordon v. Lee, 208 Miss.. 21, 43 So.2d 665 (1949), relied upon by appellants, is not relevant here. In that case there was sufficient evidence to make jury issues on failure to keep a proper lookout and excessive speed.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.