INZER, Presiding Justice, for the court.
This is an appeal by MFC Services and Quinton Sprayberry from a judgment of the Circuit Court of Covington County awarding appellee Marsha Marion Blount a judgment of $500,000 as damages for personal injuries. The injuries occurred when an automobile in which appellee was a passenger struck the rear of the tractor-trailer rig owned by MFC and driven by Sprayber-ry. We reverse and render.
Appellee was severely and permanently injured and David Blount, her husband, was killed when a 1966 Ford Fairlane automobile driven by David Blount struck the left rear of the tractor-trailer rig driven by Quinton Sprayberry and owned by MFC Services. The accident occurred at about 1:30 A.M. on October 28, 1972, on U.S. Highway 49 about one mile south of the city limits of Collins.
The declaration charged several grounds of negligence, but by stipulation the case was tried on the narrow issue of whether Sprayberry was guilty of any negligence that caused or contributed to the collision. MFC and Sprayberry answered and denied that Sprayberry was guilty of any negligence that caused or contributed to the accident and affirmatively alleged that the sole, proximate cause of the accident was the negligence of David Blount.
Since the jury found for the appellee the facts will be stated in the light most favorable to the appellee, except that part of the testimony of Sprayberry who was called as an adverse witness. Appellee is bound by that part of his testimony that was not contradicted.
The record reflects that on the night in question Sprayberry departed from MFC Service Center at Collins at about 1 A.M. driving a tractor-trailer rig loaded with seven tons of masonex. His destination was Areola, Louisiana, and he was to travel on U.S. Highway 49. Prior to leaving the service center he and the mechanic checked the lights and all the lights were working properly. The rig was equipped with all lights required by statute, including taillights, stoplights, two clearance lights, one on each side of the rear of the truck, two red reflectors on the rear and two side marker lights on each side of the truck, one on the rear and one on the front of the left and right side of the vehicle. It was also equipped with the necessary headlights and two flashing lights on the rear and front. The tractor-trailer was also equipped with air brakes which automatically apply when the air pressure is lost.
Highway 49 is a four-lane highway with two lanes for southbound traffic and two lanes for northbound traffic, with a median strip dividing the north and south lanes. When Sprayberry reached a point about a mile south of the city limits of Collins he *1292 heard a noise which indicated to him that the air line had broken and that the brakes would automatically take over and stop his vehicle. He was travelling at that time about fifty miles per hour. He glanced *in his side view mirror and did not see any traffic behind him. There was no traffic in front of him. Sprayberry testified that he immediately pulled out the flasher light button under the steering wheel and braced himself in order to control his vehicle. He never applied his brakes or put his foot on the brake pedal to activate the brake lights. He testified that he travelled about 75 to 100 feet before he felt the drag of the brakes and after travelling 75 to 80 feet further, with his rig slowing down and when he was in the process of steering the rig over on the shoulder of the highway, the left rear of the trailer was struck by an automobile. He said a split second before the collision he saw the lights of the car that struck his vehicle. The force of the collision was such that it knocked the left rear tandem wheels of the truck together, and his vehicle only travelled about three feet before it stopped. Sprayberry immediately got out of his truck and found that the car had struck his vehicle. It was over in the left or east lane for southbound traffic. He saw a young man under the steering wheel and a young lady lying on the front seat of the car. He learned later that the driver of the car was David Blount and that the lady was his wife, Marsha Blount, appellee.
Sprayberry also testified that when his vehicle came to a stop the right front wheel of the tractor was two or three feet off the pavement and that the right rear wheel of the trailer was also off the pavement.
An engineer testified for the appellee and he said that each of the two southbound lanes for traffic were twelve feet wide. He measured the shoulder of the highway on the west side and found it to be five feet in width. He also testified that the dip in the highway, that Sprayberry testified he had passed through just prior to the time his brakes failed was such that a car in that dip at that time could not see the lights of the truck until he came out of the dip. He measured from the point on the highway it was indicated that the collision occurred and his measurements showed that the rear of the trailer was still on the pavement at the time of the collision. On cross examination he stated that from the point where the driver could see the lights of the truck to the point of collision was 655 feet. He said that north of the dip, the highway was straight for some distance before it curved.
Lott, a city policeman for the City of Collins, testified that he arrived at the scene after the accident. He said the lights of the truck were still on, but he did not see any flashing lights on the rear of the truck. He said that the rear wheels of the tractor were still on the pavement. He did not investigate the accident and confined his activities to flagging traffic until the highway could be cleared.
The testimony shows that the car struck the trailer about 28V2 inches from the left edge of the vehicle knocking out the light on the left rear of the trailer.
The record reflects that David Blount and his wife, appellee, were on their way to their home in Hattiesburg from Jackson where they had been to a concert. David was driving a 1966 Fairlane Ford that had been furnished him by his father-in-law. It was also shown that some two days before the accident, his father-in-law, Mr. Munoz, had done some work on the car, tested it, and found it would not exceed sixty miles per hour. The pictures taken of the car after the accident revealed that it was almost completely demolished. There was no indication that Blount ever applied his brakes prior to striking the rear of the trailer.
The foregoing is the only testimony offered by appellee to establish liability other than some pictures taken at the scene after the accident. These pictures reveal that only the left rear wheels of the trailer locked sufficiently to lay down skid marks. They also reveal that the tractor-trailer was well over in the righthand lane of traffic when the brakes took hold, and that the skid marks were fairly straight until they *1293 gradually turned to the right just before reaching the point where the collision occurred.
At the conclusion of plaintiff’s case, appellants made a motion for peremptory instruction which was overruled. The motion was renewed at the conclusion of all the testimony and was again overruled. After the jury verdict, appellants made a motion for a judgment n. o. v. and a motion for a new trial which were overruled.
On appeal, among other things, appellants contend that the trial court was in error in failing to instruct the jury to find for them. We are of the opinion that the trial court should have granted a directed verdict for the appellants and having failed to do that the court should have sustained appellants’ motion for a judgment n. o. v.
As we view the evidence, there is no doubt that there was a failure in the air line controlling the brakes of the trailer and the rear wheels of the tractor. It is also undisputed that the car driven by David Blount struck the left rear of the trailer when Sprayberry was in the process of driving the tractor-trailer onto the shoulder of the road and at a time when his vehicle was still moving at about five miles per hour. It is also undisputed that the tractor-trailer was equipped with all the lights required by statute, including the two reflectors on the rear of the vehicle. It is also undisputed that at the time of the collision the entire left lane of southbound traffic was clear and unobstructed, and in addition thereto, at least a part of the right lane was available for passing space. It is certain that the driver of the Blotint vehicle could have seen the lights of the. truck for some distance before going into the dip .and for at least 75-80 feet. after coming out of the dip before the collision. Under the facts of this case, Sprayberry did not violate any statute governing the rules of the road. Section 63-3-903(1), Mississippi Code 1972 Annotated relative to stopping, parking or leaving a vehicle standing upon the paved portion of the highway does not apply in this case for the reason that the tractor-trailer was not stopped, it was still moving and was in the process of moving over onto the shoulder of the highway. As we view the statute, it does not require that a motorist drive his vehicle off the pavement while slowing down but only required him to do so before coming to a stop.
Appellee argues that even though appellants did not violate any statute, it nevertheless was a jury question as to whether Sprayberry used reasonable care in moving his vehicle off the pavement as far as reasonable under the circumstances. In other words, it is argued that knowing that he was going to have to stop, it was a jury question as to whether Sprayberry should have driven his vehicle over onto the shoulder of the highway at an earlier time. We do not think that Sprayberry was charged with a duty under the circumstances of this case to immediately drive his loaded vehicle off onto the shoulder of the road. It takes no testimony for one to know that it was impractical to do so. However, appellee argues that at some point earlier, Sprayber-ry should have driven his vehicle over onto the shoulder, and if he had done so, the accident would not have occurred. It is true that had he moved his vehicle over onto the shoulder sooner, the car driven by David Blount might not have struck the rear of the truck. However, this is not the test. The test is whether under the circumstances then facing Sprayberry, he used reasonable care. Even a driver of a vehicle slowing down to voluntarily stop is not required to drive his vehicle onto the shoulder until it is safe for him to make such move. Especially is this true on a four-lane highway where there is a twelve foot lane available for traffic approaching from the rear to safely pass. In Fant v. Commercial Carriers, 210 Miss. 474, 49 So.2d 887 (1951), we held that a truck driver was not guilty of negligence in stopping his loaded vehicle on the paved portion of the highway when his engine failed, although the proof showed that there was a shoulder about six feet in width which he could have driven his vehicle onto, but did not because the shoulder was wet.
*1294 Appellee also argues that it was a jury question as to whether Sprayberry was guilty of negligence in failing to activate his stop light by stepping on the brake pedal. The only effect that this would have had would be to make the stop light brighter. This contention disregards the fact that there were other lights on the rear of the vehicle and the fact that the driver was experiencing an emergency involving an occurrence he had never experienced before. It also disregards the fact that the slowing process was gradual over a distance of about 500 feet before the car struck the rear of the tractor-trailer.
Furthermore, under the facts and circumstances of this case, we are of the opinion that Sprayberry was not required to anticipate that some act or injury would probably result from the manner in which he was bringing his vehicle to a stop. It is well settled that actionable fault on the part of a defendant must be predicated on action or non-action prompted by knowledge, actual or implied, of facts, which make the result of his conduct not only the probable result, but also a result which he should in view of the facts, have reason to anticipate. Williams v. Lumpkin, 169 Miss. 146, 152 So. 842 (1934).
The evidence is undisputed that the tractor-trailer was slowing down in the west lane for southbound traffic. The other lane was open with more than ample room for any other vehicle travelling south to pass without any difficulty. The tractor-trailer was properly lighted and there was no reason for him to anticipate that a following vehicle would not take advantage of the open lane to pass. We do not have in this case circumstances of heavy traffic or a nearby vehicle to impose the high duty of due care on slowing or stopping by a motorist. Consequently, our decisions imposing common law duties on slowing or stopping a vehicle are not applicable in this case, because it involves an involuntary slowing under emergency conditions and under the circumstances which the foreseeability of any probable injury resulting from the slowing and eventually stopping was remote. It would be unreasonable to require a driver under these circumstances to anticipate the likelihood of a vehicle approaching from the rear and crashing into the rear of his vehicle.
The evidence in this case reflects that David Blount was guilty of negligence and the facts are such that we are of the opinion that his negligence was the sole proximate cause of the injuries to his wife. It is undisputed that David Blount had a clear view of the lighted tractor-trailer for some distance before he went into the dip and for 75-80 feet after he came out of the dip before the collision. No one knows why he failed to see the vehicle in front of him or failed to drive his vehicle into the other lane of traffic. It can only be concluded that he failed to keep a proper lookout and did not see what he should have seen or did not have his vehicle under such control so as to turn it left in time to avoid striking the tractor-trailer.
After a careful examination of the evidence in this case we are convinced that appellants were entitled to a directed verdict in their favor. The Merchants Co. v. Way, 235 So.2d 278 (Miss.1970); and Gartman v. Bush Construction Co., Inc., 227 So.2d 846 (Miss.1969).
While this is another one of these sad cases where our sympathy goes out to people who have lost their loved ones or have been severely injured in highway accidents, however, this Court must analyze the facts in each case objectively and apply the law impartially in order that all citizens may be guaranteed equal justice. We are convinced that the acts of the driver of the tractor-trailer did not cause or contribute to and were not a proximate cause of the injuries to the appellee. Therefore, we must reverse the judgment of the trial court and enter judgment here in favor of the appellants. This case was heard before a conference of the judges en banc.
REVERSED AND RENDERED.
GILLESPIE, C. J., and SMITH, ROBERTSON and WALKER, JJ., concur.
*1295 BROOM, J. and PATTERSON, P. J., and LEE, J., dissent.
SUGG, J., took no part.