355 So.2d 292 (1977)
Jerry COLE, Sue Bratcher and Kathlyn McGriff, Plaintiffs-Appellants,
v.
Myrtle (Jones) TODD and Standard Home Shopping Service Corporation, Defendants-Appellees.
No. 49692.
Supreme Court of Mississippi.
November 30, 1977.
Rehearing Denied March 8, 1978.
Miller & Miller, Harold Leon Miller, Pearl, Robert L. Williams, Water Valley, for plaintiffs-appellants.
Daniel, Coker, Horton, Bell & Dukes, C. Michael Ellingburg, John M. Roach, Jackson, Alfred G. Nicols, Jr., Brandon, for defendants-appellees.
Before PATTERSON, ROBERTSON and SUGG, JJ.
PATTERSON, Chief Justice, for the Court:
Jerry Cole, Sue Bratcher and Kathlyn McGriff appeal from a judgment of the Circuit Court of Rankin County which dismissed *293 their cause against Myrtle (Jones) Todd and Standard Home Shopping Service Corporation for the wrongful death of their father, J.C. Cole. The judgment resulted from a jury verdict for the defendants although there is no evidence disputing the fact that a vehicle driven by Mrs. Todd struck and killed Cole.
The primary assignments of error concern the court's refusal to grant a peremptory instruction for the plaintiffs, to sustain a motion for a judgment notwithstanding the verdict and to find the jury's verdict against the overwhelming weight of the evidence.
At approximately 8:50 p.m. on June 12, 1975, Mrs. Todd, while about the business of Standard Home Shopping Service Corporation, was driving a 1973 Ford Econoline van east on Highway 80 in Pearl, Mississippi. According to her, she was proceeding at twenty-five or thirty miles per hour with her headlights on in clear weather when the following occurred:
... I remember I was facing Highway 80 East and was going down the road past the Kentucky Fried Chicken or somewhere along there and I heard a thump and I don't know, I turned and I go down to see what it was and from there I don't know, I don't know, I saw it was a person, that's all I know.
Q. You don't remember anything 
A. I didn't see anyone.
Q. You don't, you didn't see anyone?
A. No sir.
Q. You don't remember what you did after that time?
A. No sir.
An employee in the nearby Kentucky Fried Chicken restaurant observed, intermittently, for about two hours, a person later determined to be J.C. Cole, as he sat and stood on the shoulder of the road near the intersection of Highway 80 and Valentour Road. Her testimony was that Cole acted "weird." She saw a white van pull to the edge of the highway and observed the driver looking back. Immediately thereafter she noticed a man lying on or near the road and watched the van as it sped through a red light and passed from view.
An officer promptly arrived on the scene and found Cole lying unconscious about eighteen inches from the edge of the traveled portion of Highway 80 and bleeding from the right side of his head and right arm. At the time Cole was wearing a light lavender shirt and dark colored trousers. The officer observed no skid marks at the scene. Cole died from his injuries some fourteen hours later.
The right rear-view mirror of the van driven by Mrs. Todd was found to be broken and was removed for examination. The record does not disclose the distance the mirror projected from the van's side although it does appear from photographs that the projection was no more than ten or eleven inches. The laboratory test of the rear-view mirror revealed bloodstains upon it although they were too small for confirmation as human blood.
Mrs. Todd testified she did not remember her activities after the accident. However, out of the jury's presence an employee of the police department testified that Mrs. Todd turned herself in on June 14, 1975, for hitting a man, stating "she had heard it on the news" and "couldn't live with herself any longer knowing that she did it." At the time she made an oral statement and wrote the following:
I had finish (sic) 4A Route at Flowood going to Brandon to do a callback. I didn't see anyone. I heard a noise hit the side of the truck. I turned around and come down little street to see what it was. I saw it was a person I just went out of mine (sic). I called Mr. Thrash this morning seven o'clock. Mr. Thrash advised me to turn myself in. I'm not sure of the time about 9:00 or 9:30 p.m.
Objections were interposed to both statements which were sustained in part, the court permitting into evidence the written statement with the exception of the reference to a Mr. Thrash and the time and excluding all of the oral statement except "I hit the man."
*294 Although we are loath to disturb a jury verdict, the evidence leaves no alternative to setting it aside because there is no evidence contrary to Mrs. Todd's testimony concerning the accident and it is sufficient, in our opinion, to establish a case of liability as a matter of law.
In Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964), we stated:
In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, "and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal." The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not see him and could have avoided the accident. (248 Miss. at 696-697, 160 So.2d at 687)
And in Robertson v. Welch, 242 Miss. 110, 134 So.2d 491 (1961), a motorist negligently struck two pedestrians while they were crossing a highway in a closely built-up area. After noting that the accident occurred in the late hours of a rainy night while the motorist had his headlights on, this Court reversed a jury verdict for the defendant and entered judgment for the plaintiffs, stating:
... Since he had lights on his car, it is incredible that he did not see these people, if he was in fact looking ... (242 Miss. at 117, 134 So.2d at 493)
Appellees' defense was that Cole was intoxicated and his negligence was the sole proximate cause of the accident. There was evidence from which it could be reasonably inferred that Cole was intoxicated, but without more, this does not absolve their liability. In Robertson, supra, we held intoxication did not release the motorist from compliance with the law or from the observance of reasonable rules of care. We held:
... Intoxication, either in whole or in part, does not place the addict beyond the protection of the law. After all, such an unfortunate has rights just as any other human being or member of society. (242 Miss. at 118, 134 So.2d at 494)
The record reveals that Mrs. Todd was driving at slow to moderate speed with unobstructed vision when Cole was struck. The area was developed and some of the nearby business establishments were lighted. Indeed, the employee of the Kentucky Fried Chicken restaurant testified, without objection, that she believed there was a light near the area where Cole was standing. Considering the condition of the highway, the unobscured vision of the driver as well as the nearness of Cole to the traveled portion of the road, we conclude that reasonable care dictates that Mrs. Todd should have seen Mr. Cole. We are fortified in this conclusion by the absence of any statement by the driver that she did not have an excellent view of the highway and its periphery. The only explanation that we fathom for the accident is that she was not maintaining a proper lookout for pedestrians and this negligence was the proximate cause of Cole's death. We are of the opinion the trial court erred in not granting the plaintiffs' motion for a peremptory instruction.
The next assignment of error is that the trial court erred in not allowing Mrs. Todd's statements to the police into evidence. We think they were admissible because they impeached her prior testimony of not remembering anything concerning the accident subsequent to it, thereby affecting the credibility of her testimony. In brief, her testimony was that she hit the man, panicked, fled the scene and remembered nothing afterward. However, the statements to the police reveal that she did remember, though belatedly, and sought legal advice.
The other numerous assignments of error are found to be without merit and since they are largely procedural and not likely to recur, we decline comment upon them.
*295 We are of the opinion the trial court erred in not granting a peremptory instruction for the plaintiffs on the question of liability. The cause is reversed and remanded on the sole question of damages.
REVERSED AND REMANDED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.

ON PETITION FOR REHEARING
ROBERTSON, Justice, dissenting:
A majority of the Court is of the opinion that the Petition for Rehearing filed by Myrtle (Jones) Todd and Standard Home Shopping Service Corporation, should be denied. I am of the opinion that the Petition for Rehearing should be granted, the original opinion withdrawn, and the judgment of the trial court, which was based on a jury verdict for the defendants, affirmed. Therefore I respectfully dissent.
It cannot be emphasized too strongly that the judgment of the Circuit Court of Rankin County for the defendants was based on a jury verdict after a full trial of all the issues. The jury was properly instructed that:
"The burden is upon the plaintiffs to prove by a preponderance of the evidence, that the accident, injuries and death were proximately caused by negligence on the part of Mrs. Todd, and if the plaintiffs have failed to so prove, and if you find that Mrs. Todd was not negligent in causing the accident, injuries, and death, then it is your sworn duty to return a verdict for the defendants. You are instructed that if you find that Mrs. Todd was not so negligent, then you cannot return a verdict against either Mrs. Todd or her employer Standard Home Shopping Service Corporation."
The jury was properly instructed on contributory negligence. This was as it should be, because Mississippi Code Annotated section 11-7-17 (1972) provides:
"All questions of negligence and contributory negligence shall be for the jury to determine."
These are the undisputed facts that the jury had squarely before it:
Mrs. Myrtle (Jones) Todd was driving a white 1973 Ford Econoline van east on Highway 80, about 8:50 p.m. on the night of June 12, 1975. U.S. Highway 80 is a four-lane highway with two lanes going east and two lanes going west. The weather was clear, and Mrs. Todd had her headlights on as she traveled east in the south lane of traffic. She was watching the road ahead in her lane of traffic when she heard a thump on the right side of her Econoline van. She drove a short distance down the highway and turned off on the frontage road, returning to the spot where she heard the thump. J.C. Cole was lying on the shoulder of the road.
Denise Allen, an employee of the Kentucky Fried Chicken restaurant, called as a witness for the plaintiffs, testified that she had observed Cole for about two hours before the accident. She testified that the shoulder of the highway slopes into a ditch and that he had been slumped down on his elbows along the shoulder of the road; that he at times was just lying down, then he would sit down, then he would prop back on his elbows, then he would stand up and face the sun, then he would face straightforward, and then he would sit down for awhile. Her testimony was that Cole acted "weird", that it was her impression that he was drunk.
An officer who promptly arrived on the scene found Cole lying unconscious about 18 inches from the edge of the paved portion of Highway 80, and bleeding from the right side of his head and right arm. Cole was promptly rushed to a hospital in an ambulance and died some 14 hours later. The only damage to Mrs. Todd's van was a broken right rearview mirror.
Denise Allen also testified that she observed a white van pull off on the gravel at the edge of the highway and saw the driver looking back. She watched this van as it sped through a red light and passed from view. She testified that this was not Mrs. *296 Todd's van, and of course she was right because Mrs. Todd's undisputed testimony was that she turned back on the frontage road and returned to where she had heard the thump on the right side of the van.
In my view the jury properly applied the principles of law involved (as instructed by the court) to these undisputed facts in returning its verdict for the defendants.
In setting aside the jury's verdict for the defendants, and in ruling as a matter of law that the defendants are liable, we are departing from a long-established principle of law that was well stated in the recent case of Shelton v. Coleman, 323 So.2d 90 (Miss. 1975), in these words:
"In order to overrule a jury verdict we have held that this Court must find it was contrary to the overwhelming weight of the evidence and not a product of reason, but, rather, the result of bias, passion and prejudice. Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963).
"The rule was stated in Illinois Central Railroad Co. v. Harrison, 224 Miss. 331, 80 So.2d 23 (1955), as follows:
`The judge may not substitute his judgment for that of the jury merely because he would have decided the matter differently... . Conflicts in the testimony and the veracity of witnesses are for the determination of the jury, not the judge.' 224 Miss. at 338-39, 80 So.2d at 26."
323 So.2d at 91.
In Gulf Oil Corporation v. Turner, 235 So.2d 464 (Miss. 1970), this Court said:
"With regard to deciding a case as a matter of law which necessitates a finding that the evidence was insufficient to establish a jury issue, the oft-announced rule is that this Court must view the evidence in the light most favorable to the party in whose favor the jury returned the verdict. We must consider as true all evidence favorable to the successful party and assume that the jury drew every permissible inference in reaching its verdict. All conflicts in the evidence are resolved in favor of the prevailing party and this Court may not consider any evidence favorable to the other party except that which is uncontradicted." 235 So.2d at 466. (Emphasis added).
See also: Sprayberry v. Blount, 336 So.2d 1289 (Miss. 1976); Hubbard v. Morris, 275 So.2d 858 (Miss. 1973); Maness v. Illinois Central Railroad Co., 271 So.2d 418 (Miss. 1972); McCollum v. Randolph, 220 So.2d 310 (Miss. 1969); Spell v. Ruff, 217 So.2d 7 (Miss. 1968); Southern Pine Superior Stud Corp. v. Herring, 207 So.2d 632 (Miss. 1968); Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967).
Applying this long-established rule to the case at bar, we should have no hesitancy in affirming the jury verdict for the defendants.
Smith v. Kilpatrick, 254 Miss. 155, 180 So.2d 607 (1965), is very similar to the case at bar. This Court summarized the testimony in this way:
"Mrs. Kilpatrick said that, as she passed along the street, her right wheels were about two feet from the curb on her right hand side. She had not shifted out of low gear, and was traveling about five to ten miles per hour when she heard a bump or thud on her right front door.
"She stopped her automobile, got out and went back, and found the little Smith girl lying in the driveway. She said she had not seen the child before the impact on her car door, the sound of which she had heard.
"A subsequent examination of Mrs. Kilpatrick's automobile disclosed a smudged place in the mud or dirt on the right hand door about the place where she heard the sound. There was no physical or other evidence that any other part of Mrs. Kilpatrick's automobile had come in contact with the child." 254 Miss. at 159, 180 So.2d at 608.
In upholding a directed verdict for the defendant, this Court said:
"We do not think this testimony raises an issue of fact which would warrant its submission to a jury as to whether any negligence on Mrs. Kilpatrick's part proximately *297 caused or contributed to the injury and death of Vicki Smith.
"In Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963), it was held that the burden of proving the child's position was upon the plaintiff. The Court said in 247 Miss. at 505, 153 So.2d at 662:
* * * the burden was on the plaintiff to show that the child was in the street a sufficient time before the collision, and in a place within the range of vision of the bus driver, for the defendant, in the exercise of ordinary care, to have seen him and avoided striking him. But, as stated above, there is no evidence as to when the child came into the intersection, how he got there, or what the position of the bus was when he got there."
254 Miss. at 160-61, 180 So.2d at 609.
...
"In Berry v. Brunt, 252 Miss. 194, 172 So.2d 398, 401 (1965), this Court said:
In view of the fact that the burden of proof is upon the plaintiff, such circumstances must be ample and must appear from the evidence. Moreover, the evidence must not leave the causal connection a matter of conjecture; it must be something more consistent with plaintiff's theory as to how the accident occurred."
...
"The trial court was correct in directing the jury to return a verdict for the defendant." 254 Miss. at 162, 180 So.2d at 610.
Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963) is also very similar to the case at bar. Hebert was the driver of a school bus, and, after discharging some children on the right side of the street, he checked his rear-view mirrors and pulled away from the curb. He had gone only a few feet when he heard a noise and felt something like a bump. He stopped and discovered that the left rear wheels of the bus had passed over a small boy on a bicycle. The area was one in which many children played and rode their bicycles in the street.
This Court, speaking through Judge Kyle, reversed a judgment for the plaintiffs, stating:
"[W]e think the plaintiffs failed to prove negligence on the part of the defendant in the operation of his school bus; and that the court erred in refusing to grant the peremptory instruction requested by the defendant." 247 Miss. at 509, 153 So.2d at 664-65.
Furr v. Brookhaven Creamery, 188 Miss. 1, 192 So. 838 (1940), is almost an identical case. In Furr, a 16-year-old boy was attempting to board a milk truck as it was proceeding down the road. The plaintiff, decedent's mother, was the only person examined as to the details, as the trial court granted the defendant a directed verdict at the conclusion of the plaintiff's case. The Court summarized her testimony as follows:
"Mrs. Furr's testimony was to the effect that her son was accustomed to ride with the driver, Nettles, to Wesson two or three times a week; that on the morning in question her son raised his hand to flag Nettles, who was looking at the highway in the direction in which he was proceeding, and as the truck passed the boy at a speed of eight or ten miles an hour, he caught the door of the cab, and as the truck speeded up, fell and was run over by the rear righthand wheel of the truck. She further said she believed that the driver Nettles, saw her son immediately before and at the time of the accident; but on cross-examination admitted that she did not know whether Nettles saw her son flag the truck and attempt to board it." 188 Miss. at 17-18, 192 So. at 839-40.
In holding that the directed verdict for the defendant was properly given, this Court said:
"We are of opinion that in order to predicate negligence on the part of Nettles it was necessary to show, either by direct testimony or such circumstances as would lead to the fair inference, that Nettles saw young Furr, and negligently speeded up his truck while aware of Furr's effort to board it; and that he *298 could have foreseen that increasing speed at that moment might result in injury to Furr. We do not think that it can fairly be inferred from Mrs. Furr's evidence that the driver of the truck was aware of Furr's perilous situation when he speeded up the truck.
"The death of young Furr, therefore, as shown by this record, was not due to negligence on the part of Nettles; and the jury could only have reached a verdict for the plaintiff had the case been submitted upon mere conjecture, instead of these facts. The courts cannot base judgment upon mere conjecture or possibility." 188 Miss. at 18, 192 So. at 840.
The principal fault I find with the majority opinion in the case at bar is that we are not only ignoring and disregarding the undisputed facts which support the jury's verdict for the defendants, but also speculating and conjecturing as to how the accident happened in order to find that, as a matter of law, the defendants are liable.
The most that could be said in the case at bar is that it was a jury issue. Invariably we have affirmed the jury verdict. In Morris, by next friend, v. Boleware, 228 Miss. 139, 87 So.2d 246 (1956), this Court said:
"There must have been negligence on the part of the defendant which proximately caused or contributed to her injury. Since the defendant testified that he did not know that there was child at the intersection until she suddenly ran around the parked car in front of his automobile, the jury was well-warranted in believing that the defendant, in the exercise of reasonable care, could not have reasonably anticipated that some child would suddenly run around a parked car in front of his moving automobile. Thus the jury was warranted in finding that the defendant was guilty of no negligence whatever in connection with the injury to the plaintiff. See Gordon v. Carr, 226 Miss. 836, 85 So.2d 490; McMinn v. Lilly, 215 Miss. 193, 60 So.2d 603.
"Neither was the verdict of the jury contrary to the great weight of the evidence.
"From which it follows that the judgment of the trial court must be affirmed." 228 Miss. at 146, 87 So.2d at 248 (1956). (Emphasis added).
We affirmed a jury verdict for the defendants in Oglesby et al. v. Bagby Hall Motors, Inc. (and Olen McKay), 209 So.2d 644 (Miss. 1968).
The amazing thing about the Court's decision in the case at bar is that, while in Morris and Oglesby the victim was in front of the defendant's car when hit yet we affirmed jury verdicts for the defendants; while in the case at bar the victim apparently backed into the side of the defendant's van with no chance for the defendant to avert the accident, yet we are finding as a matter of law that the defendant was liable. The physical facts prove that the only way Cole could have been hit on the right side of his head by the rearview mirror on the right side of defendant's van was to move backwards from the shoulder of the highway into the right side of the van.
Robertson v. Welch, 242 Miss. 110, 134 So.2d 491 (1961), cited in the majority opinion, is clearly distinguishable. In Robertson, four people were crossing the highway from south to north. Welch was proceeding west in the north lane. As they neared the north edge of the pavement Mrs. Raines was hit by the right front headlight and fender of Welch's car.
In the case at bar, Cole backed into the right side of Mrs. Todd's van as she was abreast of him in her proper lane on the highway. She had no chance whatsoever to avert the accident, and the jury so found.
I would affirm the verdict of the jury for the defendants.
SMITH, P.J., and BROOM, J., join in this dissent.