556 So.2d 293 (1989)
Wilma Vickers GLORIOSO and Charles Stephen Glorioso
v.
Young Mens Christian Association of Jackson, Richard Grindstaff, and the City of Clinton.
No. 58089.
Supreme Court of Mississippi, En Banc.
March 15, 1989.
Angelo J. Dorizas, Thomas J. Lowe, Jr., Jackson, for appellants.
Mildred M. Morris, Steen, Reynolds, Dalehite & Currie, James A. Becker, Jr., Robert H. Pedersen, Watkins & Eager, Jackson, for appellees.

*294 ON PETITION FOR REHEARING
PER CURIAM.
This is an appeal from the Circuit Court of the First Judicial District of Hinds County. The plaintiffs, Wilma Vickers Glorioso and Charles Stephen Glorioso, brought an action against the defendants, Richard Grindstaff and Young Mens Christian Association of Jackson (YMCA) and the City of Clinton, for the death of their son, Seth, age nine. The complaint alleges that Seth's death was caused by the negligence of Grindstaff, an employee of the YMCA, in causing a large light pole to roll down an incline crushing Seth; alleging further that Grindstaff knew or should have known such conduct created an unreasonably dangerous condition. The City of Clinton was charged with negligence in placing the pole on public property creating an unreasonably dangerous condition.
A directed verdict was granted the City of Clinton, and the jury returned a verdict in favor of Richard Grindstaff and the Young Mens Christian Association of Jackson.
The plaintiffs filed a Motion for Judgment N.O.V. and in Alternative for a New Trial on all Issues. The motion was overruled with respect to all defendants. An appeal was subsequently perfected to this Court.
We find that the trial court erred in refusing to instruct the jury that a nine-year-old is presumed incapable of contributory negligence and this error requires reversal. For this reason, we find that the trial court abused its discretion in denying plaintiffs' motion for a new trial on the issue of the liability of Richard Grindstaff and the YMCA. We affirm the directed verdict for the City of Clinton, and we remand for a new trial as to the negligence of Grindstaff and the YMCA.

I.
On June 11, 1985, Richard Grindstaff, a 24 year old senior counselor with the YMCA, acting within the course and scope of his employment, took Seth Glorioso and approximately 18 or 19 other children to Traceway Park to play baseball. The children were between 9 and 12 years of age. After the children had finished their baseball game, several of them gathered around and began playing on a large pole laying near the YMCA van.
The pole was 18 1/2 feet long, weighed 1490 pounds, was located on a flat area adjacent to a gravel road in the park, and was embedded in a slight depression with grass growing around it. The pole was lying more or less parallel with the gravel road. The ground between the pole and the gravel road was flat but the ground on the side opposite the gravel road sloped slightly downward. Plaintiffs' witnesses testified there was approximately 1 to 1 1/2 feet of flat ground between the pole and the beginning of the slope but the photographs of the scene show that the slope started next to or at the pole's initial location.
Grindstaff promised to give a free ice cream cone as a prize to the child who could stay on the pole the longest. Some of the children got onto the pole and they managed to remain on it for approximately 10 minutes; after which Grindstaff conceived the idea of shaking the pole and moving it about.
Grindstaff was unable to move the log by himself and asked the help of some other children. Apparently Grindstaff and the children were leaning against a van with their feet on the log. The force applied by Grindstaff and the other children finally caused the log to move out of the small indentation which it had made in the ground. There was conflicting testimony as to how Seth fell from the log. All of the children except Seth jumped to the high side. Seth ran away from the log down the hill about five feet but then turned around and tried to jump back over it. The log caught his foot and rolled over him, killing him.
The police officer who investigated the accident, testified that there were 2 to 3 feet of flat area between the log and the slope. In his opinion, the pole would not have moved without some outside force and the force necessary to dislodge the *295 pole would have probably been sufficient to propel the pole to the edge of the incline and down.

II.

DID THE TRIAL COURT ERR IN REFUSING TO INSTRUCT THE JURY THAT A NINE-YEAR-OLD IS PRESUMED TO BE INCAPABLE OF CONTRIBUTORY NEGLIGENCE?
Instruction P-6, refused by the trial court, reads as follows:
The Court instructs the jury that a nine year old child, such as Seth Morgan Glorioso, is presumed by law to be incapable of contributory negligence. The Court instructs the jury that Seth Morgan Glorioso cannot be charged with any knowledge of the dangerous character of a 1490 lb. creosote-treated pole situated at the top of an embankment nor can he be held to comprehend the dangerous consequences of engaging in the activity he was engaged in immediately before he was crushed.
Plaintiff, appellant, contends that defendant's pleadings and evidence should be viewed as an affirmative defense of contributory negligence, even though the term "contributory negligence" was not used. The pleadings and testimony were directed toward proving that the negligence of Seth Glorioso in initially playing on the log; and ultimately jumping in the wrong direction when the log was dislodged were the proximate causes of his own death.
Appellee contends that evidence of the actions of Seth Glorioso was contradictory evidence on the issue of negligence which did not warrant the instruction, citing Smith v. Alford, 245 So.2d 188 (Miss. 1971), and Morris v. Boleware, 228 Miss. 139, 87 So.2d 246 (1956).
The law with respect to contributory negligence on the part of minors is clear. A minor child between the ages of seven and fourteen years is prima facie presumed not to be possessed of sufficient discretion to make him guilty of contributory negligence, and hence the defendant who raises such defense has a greater burden to prove the same than in a case where the plaintiff is not a minor child. Johnson v. Howell, 213 Miss. 195, 56 So.2d 491 (1952); Moak v. Black, 230 Miss. 337, 351, 92 So.2d 845, 852 (1957); Burlingame v. Southwest Drug Stores of Mississippi, 203 So.2d 74, 77 (Miss. 1967). Such a presumption, however, is rebuttable by showing exceptional capacity. Lane v. Webb, 220 So.2d 281, 285 (Miss. 1969); Davis v. Waterman, 420 So.2d 1063, 1065 (Miss. 1982) (holding that minors operating a self-propelled vehicle on the highway are to be held to the same standard of care as an adult).
A party has a right to have jury instructions on all material issues presented in the pleadings or evidence. Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss. 1984); Alley v. Praschak Mach. Co., 366 So.2d 661 (Miss. 1979).
On examining the pleadings and evidence, we agree with the appellants that the jury could have easily concluded, in the absence of the requested instruction, that Seth Glorioso was negligent in playing on the log and in jumping the wrong way when it began to roll and was responsible for his own death. This conclusion is erroneous and contrary to the law of this state.
As stated in Byrd v. F-S Prestress, Inc., 464 So.2d 63, 66 (Miss. 1985) all instructions as a whole must be read to determine whether a jury has been correctly instructed. Citing Jackson v. Griffin, 390 So.2d 287, 290 (Miss. 1980). All instructions taken as a whole must fairly announce the applicable primary rules of law. Allen v. Blanks, 384 So.2d 63, 65 (Miss. 1980).
The absence of the requested instruction was misleading to the jury. As we stated in Allen v. Blanks, supra, in a case which is factually close on the liability issue "... even slight prejudice must be assumed to have been outcome-determinative." 384 So.2d at 69.
We conclude that the Gloriosos' motion for a new trial should have been sustained.

III.

DID THE TRIAL COURT ERR IN GRANTING A DIRECTED VERDICT TO THE CITY OF CLINTON?
The death of Seth Glorioso was unquestionably caused by a large, wooden pole *296 weighing 1,490 pounds and 18.5 feet long rolling over him. The log was set in motion by the instigation and physical action of Defendant Grindstaff and several children acting under his direction, which efforts caused the log to leave the small indentation which it made in the ground and to roll down the bank on top of Seth. Grindstaff testified that the log was at rest, at the top of an incline, before he began to move it.
The Gloriosos argue that the placement of the pole in a dangerous position constituted a breach of the duty not to create an unreasonable danger.
In reviewing the grant of a directed verdict, this Court must "consider the evidence in the light most favorable to the plaintiff[s], giving the plaintiff[s] the benefit of all reasonable inferences derived therefrom." Latham v. Hayes, 495 So.2d 453, 457 (Miss. 1986). E.g., Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652, 655 (Miss. 1975).
To prove the city negligent, plaintiffs must establish a breach of duty. J.C. Penney v. Sumrall, 318 So.2d 829, 832 (Miss. 1975) ("In order to establish a claim of negligence against a defendant, however, it must appear that the offending defendant violated some duty owed to the plaintiff.").
A person using municipal property is considered an invitee and the municipality is charged with the exercise of ordinary and reasonable care to insure that the property is safe. The municipality is charged with a duty to warn of known dangerous conditions. See Dendy v. City of Pascagoula, 193 So.2d 559, 562 (Miss. 1967) (Persons using the city's pier are invitees and the city has "the duty to exercise reasonable care to make this pier reasonably safe for people using it."); Byrnes v. City of Jackson, 140 Miss. 656, 105 So. 861, 863 (1925). Assuming, arguendo, (and we do not so hold) the City of Clinton was negligent in placing the pole in its initial location, the act of Grindstaff in dislodging the pole was an independent, intervening cause. The undisputed facts in the record show that the external force applied by Grindstaff and the other children was the act which caused the pole to roll, which in turn resulted in Seth Glorioso's injuries. In Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630, 13 So.2d 34 (1943), we set forth the rule as to an intervening cause.
Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads unbroken in sequence to the injury, the later is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, a non-actionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof.
13 So.2d at 36.
The facts in this case are that the pole was secure and that it was moved out of its "bed" only after considerable effort by Grindstaff and the children.
Under the ruling in Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243 (1956), the actions of Grindstaff in moving the log was an independent intervening cause.
We affirm as to the directed verdict in favor of the City of Clinton; jury verdict vacated and cause remanded for a new trial as to Grindstaff and the YMCA.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PITTMAN and BLASS, JJ., not participating.