232 So.2d 705 (1970)
U-HAUL COMPANY
v.
Sylvia WHITE.
No. 45636.
Supreme Court of Mississippi.
February 9, 1970.
Rehearing Denied March 2, 1970.
*706 Sumners & Hickman, Oxford, for appellant.
D. Briggs Smith, Jr., Charles C. Finch, M. Collins Bailey, Batesville, for appellee.
ETHRIDGE, Chief Justice.
Sylvia White, appellee, a minor fifteen years of age, through her attorney and next friend, brought this action in the Circuit Court of Panola County, to recover for personal injuries suffered when she was allegedly thrown from a trailer owned and maintained by U-Haul Company, appellant. Plaintiff charged that a defective coupling device, or hitch, and a safety chain on the trailer rented by U-Haul to her mother had permitted the trailer to disengage partially from the towing vehicle, resulting in severe gyrations which flung plaintiff to the ground. The circuit court entered judgment for plaintiff on the jury's verdict of $9,800.
On August 16, 1966, Mrs. Elizabeth L. Dulin, plaintiff's mother, leased a 15x12 foot, tandem-axle trailer from U-Haul for the purpose of transporting furniture from Batesville to Southhaven. Mrs. Dulin, accompanied by the plaintiff, took possession of the trailer at a service station in Memphis, which station was an agent for U-Haul, sometime after eleven p.m., and simultaneously executed a rental contract which provided in section 3:
Customer agrees to indemnify and hold harmless lessor and its duly authorized agents from any and all damages and/or liability arising out of or resulting from customer's use of said trailer and/or equipment.
An attendant at the service station spent twenty minutes attaching the trailer to Mrs. Dulin's car, using fittings and safety chains supplied by U-Haul, and then Mrs. Dulin was told that she could depart.
With the trailer in tow, plaintiff and her mother left the service station and proceeded to collect several passengers to assist in handling the furniture: Jackie White, plaintiff's sister; James White, her brother; Gerald White, her cousin; and Douglas Walker, a friend. The assembled group then traveled to Batesville, and loaded the furniture, completing the job sometime between one and two o'clock a.m. Thereupon, they began the return trip via Interstate Highway 55 to Southhaven, this time with both the plaintiff and her sister Jackie riding in the trailer.
All went well as they passed a Stuckey's Store north of Como and south of Senatobia, and then the accident occurred. According to Gerald White:
Then we were coming back down Interstate 55, going toward Southhaven, and just after we passed Stuckey's we were going along just fine, and this trailer started swerving, pulling the car from side to side. * * * Right before the trailer started swerving, the car seemed to jerk. Just all of the sudden it felt like something popped loose, and the trailer was pulling the car from side to side. We were in the righthand lane, and it pulled the car into the lefthand lane, and the trailer slid off the lefthand lane into the center of the expressway. The furniture was scattered all up and down the highway, and we got out, and I asked my cousin, I said, "Do you see Sylvia?" He said, "No." We couldn't find Sylvia. He saw her first, and then I looked down and I thought she was dead at first. We all thought she was dead.
Similarly, in the words of James White:
We were driving about 35 or 40, and when we got down just past Stuckey's, that pecan place, all of a sudden the trailer jerked like that, and it just started jerking the car all over the expressway, and it jackknifed it around, and when we came to a stop the car was halfway on the expressway and halfway off. The trailer was completely off. Mother and *707 all of us jumped out of the car and started looking for my little sisters. We found one of them right away, Jackie. She didn't seem to be hurt, and we started looking for Sylvia. We were looking under the furniture and everything, looking for her, and I seen her. She was laying down there just back of the back wheel on the right side of the trailer. She wasn't moving or anything * * *
Shortly after the accident, a passing truck driver stopped and detached the trailer from Mrs. Dulin's car, and Mrs. Dulin rushed Sylvia to Senatobia where she was transferred to an ambulance which delivered her to the Methodist Hospital in Memphis. Mrs. Dulin returned to the scene of the accident. The helpful truck driver was not in attendance at the trial, but others who were present at the scene of the accident said that the U-Haul trailer had become completely disengaged from Mrs. Dulin's car except for the left safety chain. The coupling device was disconnected, and the right safety chain had broken.
H.B. Grisham, an assistant investigator for the Highway Patrol, arrived at the scene of the accident at approximately 3:15 a.m., while Mrs. Dulin was in Senatobia. When she returned, Grisham assisted the group in collecting the scattered furniture and then attempted to reconnect the trailer to Mrs. Dulin's car. He found that the locking device on the trailer hitch was inoperative and, therefore, that the hitch would not remain fastened. Furthermore, he reported that the right safety chain was severed. He performed a patchwork job of securing the trailer to the car and followed Mrs. Dulin to a truck stop where repairs could be made.
Dee Smith, an auto mechanic for eighteen years, who testified for the plaintiff as an expert witness on the subject of trailer hitches, explained that the particular type of coupling device employed by U-Haul  ball and socket  requires a locking device to secure it. If the lock becomes inoperative, said Smith, the socket can loosen.
The only witness offered by the defendant was James Hendren, proprietor of the service station from which Mrs. Dulin rented the trailer, who testified that he could detect no defects in the trailer, except a slightly bent tongue or coupler, when it was returned to him six days after the accident and that, without any repairs, he had returned the trailer to service.
Appellant asserts that the plaintiff is under a disability to maintain an action against U-Haul and that the trial court erred in not dismissing the case on that ground. Pointing to the portion of the rental contract quoted above (§ 3), U-Haul contends that Mrs. Dulin is obligated to indemnify it for any judgment recovered by the plaintiff, and that, therefore, plaintiff is in effect attempting to sue her mother, which is prohibited by the rule of Hewellette v. George, 68 Miss. 703, 9 So. 885 (1891). We do not agree.
Section 3 of the rental contract plainly calls for indemnification of only those damages or that liability occasioned by the customer's negligence  "arising out of or resulting from customer's use of said trailer and/or equipment"  and says nothing whatever relating to indemnification of damages or liability occasioned by U-Haul's negligence. The instant action is against U-Haul for its own negligence, and the record contains not a scintilla of evidence pointing to negligence on Mrs. Dulin's part. Accordingly, giving the terms of the contract their plain intendment, the indemnity provision is not applicable here, since the plaintiff's injuries did not "arise out of or result from" Mrs. Dulin's use of the trailer, that is to say, her own negligence, but rather, the jury found, were caused by the negligence of U-Haul in failing to provide an adequate coupling device.
Appellant also contends that the case was improperly submitted to the jury based upon a violation of section 8269(a), Mississippi Code 1942 Annotated (Supp. 1968), for the reason that the plaintiff is not within *708 the class of persons intended to be protected by the statute. Instruction No. 5 for the plaintiff reads:
The court instructs the jury for the plaintiff, Sylvia White, that it is the law of the State of Mississippi for all trailers being towed on a public highway to have safety chains or equivalent devices in addition to the regular hitch or coupling; and that such safety chains must be of sufficient strength to control the trailer in the event the trailer hitch becomes disconnected, and if you believe from the evidence in this case that the defendant, U-Haul Company, did not have safety chains sufficient in strength to hold and control the trailer being towed by Mrs. Elizabeth Dulin, then the defendant is guilty of negligence.
Section 8269(a), Mississippi Code 1942 Annotated (Supp. 1968), provides:
Every trailer which shall be towed on the public highways at a speed in excess of twenty (20) miles per hour shall be coupled to the towing vehicle by means of a safety chain, chains, cables, or equivalent devices in addition to the regular trailer hitch or coupling. * * * No more slack shall be left in safety chains, cables, or equivalent devices than shall be necessary to permit proper turning and the safety chains, cables or equivalent device shall be so connected to the towed and towing vehicles and to the drawbar to prevent the drawbar from dropping to the ground if the drawbar fails and shall be of sufficient strength to control the trailer in event of failure of the regular trailer hitch or coupling.
Violations of traffic laws and safety statutes may constitute negligence as a matter of law. See Nobles v. Unruh, 198 So.2d 245 (Miss. 1967) (holding that a violation of a statute governing the changing of traffic lanes by motor vehicles is negligence as a matter of law); Vaughn v. Lewis, 236 Miss. 792, 112 So.2d 247 (1959) (holding that a violation of a right-of-way statute is negligence as a matter of law). In order to capitalize on the violation of a safety statute by a defendant, the plaintiff must establish that he is part of the class of persons which the statute was intended to protect and that the harm suffered was of the kind the statute was designed to prevent, or, in other words, that the harm suffered resulted from the type of risk covered by the statute. See generally, W. Prosser, The Law of Torts § 35 (3d ed. 1964). Additionally, the plaintiff must, of course, establish causation between violation of the statute and the harm suffered. See Hardy v. Lambert, 252 F.2d 709 (5th Cir.1958).
Causation here was an issue for the jury. In the enactment of section 8269(a), the Legislature manifestly intended to prescribe certain safety requirements in the method and quality of connecting a trailer to a towing vehicle. The statute requires safety chains or cables in addition to a regular hitch. It limits the amount of slack in safety chains or cables. They must be so connected to the vehicles and the drawbar as to prevent the latter from dropping to the ground if the drawbar fails. Finally, the safety chains, cables or equivalent devices "shall be of sufficient strength to control the trailer in event of failure of the regular trailer hitch or coupling."
The jury was justified in finding that the defendant did not comply with this statute, either by coupling it in a defective way or using defective equipment. Section 8269(a) does not identify the protected class or group of persons. It has no exclusions. It does not exclude one riding in a trailer. The statute is remedial in nature and should be liberally construed. It is a safety measure enacted for the benefit and protection of pedestrians, bystanders, motorists and other individuals who reasonably might be expected to be affected by a violation of the statute. Under the circumstances of this case, the plaintiff, riding in the trailer, was one of the class of persons which the statute was intended to protect. See Miller *709 v. Lucas, 267 N.C. 1, 147 S.E.2d 537 (1966) (motorist); Bidleman v. Wright, 175 Ohio St. 405, 195 N.E.2d 904 (1964) (motorist); Barango v. E.L. Headstrom Coal Co., 12 Ill. App.2d 118, 138 N.E.3d 829 (1966) (bystander); Steele v. Commercial Milling Co., 50 F.2d 1037, 84 A.L.R. 278 (6th Cir.1931) (bystander).
Moreover, the comparative negligence statute would still present an issue for the jury, if it is assumed that plaintiff was negligent in riding in the trailer. Defendant obtained a comparative negligence instruction, and also instructions that, if the jury believed that plaintiff was guilty of negligence by riding in the trailer and that was the sole proximate cause of the accident, the jury should find for defendant.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.