302 So.2d 262 (1974)
Marsha POWERS
v.
Andy O. MALLEY et al.
No. 47497.
Supreme Court of Mississippi.
June 10, 1974.
As Modified on Denial of Rehearing October 28, 1974.
*263 Graves, Riley & Meadows, Gulfport, for appellant.
Eaton, Cottrell, Galloway & Lang, Ben H. Stone, Greaves, Terry & Clark, Gulfport, for appellees.
SUGG, Justice:
This is an appeal from the Circuit Court of Harrison County. The plaintiff, Marsha Powers, brought suit against three defendants for injuries resulting from a collision between a truck and her automobile. The truck was leased by defendant Poole Trucking Company and driven by the defendant, Cissom, while her automobile was driven by the defendant, Malley. The jury found for defendants Cissom and Poole Trucking Co. and awarded plaintiff a $5,000 judgment against the defendant, Malley. The case is before us on direct appeal by Marsha Powers and cross-appeal by Malley.
At the time of the collision, Cissom was the owner and operator of a tractor-trailer rig which had been leased by him to Poole Trucking Co. On August 20, 1971 Cissom loaded his pole trailer with 30 foot pilings, filled the tanks of his truck with fuel in Wiggins, and then drove directly to his home in Handsboro, a distance of approximately 30 miles. Cissom parked his loaded rig at his home and remained there overnight.
At 4:00 or 4:30 a.m. the following morning Cissom drove his truck and trailer from his home to U.S. Highway 90 on which he proceeded west, in the direction of New Orleans. Cissom traveled 15 to 20 miles from his home when he discovered that he was running out of fuel. Cissom coasted to a stop and attempted to pull both tractor and trailer completely off the highway and succeeded in getting a major portion of his vehicle clear of the highway, but a part of the trailer was left extending a distance of 5 to 10 feet into the northern lane of the two westbound lanes of Highway 90.
Cissom placed three reflector flares on the highway and hitchhiked to a nearby service station where he procured 5 gallons of gasoline. Upon returning to his vehicle, *264 Cissom poured most of the gasoline into the tank and started the engine. When the engine was running, Cissom got out of his truck and picked up the three reflectors that he had earlier placed on the highway. When he returned to the cab of his tractor, Cissom discovered the engine had gone dead. When his attempt to re-start the engine failed, Cissom, without replacing the reflectors on the highway, mounted the front bumper of the truck with the intent to prime the engine by pouring a small amount of gasoline into the carburetor. About this time Cissom heard an automobile crash into the rear of his trailer and observed the auto as it careened by the truck and traveled a short distance farther down the highway. Although Cissom admitted that he did not replace the reflector flares on the highway prior to his attempt to prime the engine, he asserted that all the lights on his tractor-trailer were burning and some were flashing at the time the accident occurred. None of the witnesses in the automobile driven by Malley saw the lights on the Cissom vehicle.
The record further reflects that, at the time of the accident, defendant Malley was driving plaintiff's automobile; that she was seated on the passenger side of the front seat and four other young people were on the rear seat. The six young people in the automobile had been together during the early morning hours and visited several clubs where they consumed beer and mixed drinks and about 4:15 o'clock a.m. they began their trip to New Orleans, Louisiana. Malley testified that the car was proceeding on U.S. 90 toward New Orleans when Cissom's trailer, showing no lights or reflectors of any kind, suddenly loomed ahead; that he swerved the automobile to the left in order to miss the trailer, but the right side of the auto crashed into the left rear portion of the trailer, thus causing plaintiff's injuries.
The accident occurred just before dawn, an hour when lighted lamps must be displayed on a vehicle. Cissom's undisputed testimony indicates that he placed three reflector flares on the highway in the following manner prior to leaving the vehicle to procure fuel: one reflector even with the front bumper of the truck, one reflector even with the rear of the trailer and one reflector at a distance of 40 to 50 feet to the rear of the trailer. Cissom further testified that he failed to replace the reflectors on the highway when he discovered that his engine had gone dead and prior to his attempt to prime the carburetor.
Mississippi Code Annotated section 63-7-71 (1972) provides that when a motor truck has stopped on a highway during the hours when lighted lamps must be displayed on the vehicle and it cannot be immediately removed from the traveled portion of the highway, the operator shall cause flares or reflectors to be set out in the following manner: one at a distance of 100 feet to the rear of the vehicle, one at a distance of 100 feet in advance of the vehicle and the third reflector upon the roadway itself to the side of the vehicle.
In the original opinion we held that plaintiff was entitled to Instruction No. 7, but on petition for rehearing it was called to the attention of this Court that when Instruction No. 7 was refused by the trial court, plaintiff's attorney stated, "The Plaintiff has no objection to the refusal of Instruction No. 7." However, on petition for rehearing we requested argument on the refusal of the trial court to grant Instruction No. 8[1] which covers the same subject matter as Instruction No. 7.
*265 It is urged by the defendants that Instruction No. 8 was not proper because the driver of a disabled vehicle is not required to place flares, fuses, reflectors or other signals in an operating condition upon the highway within the distances specified by the statute unless such vehicle is outside of a business or residence district. The collision occurred within the corporate limits of Long Beach, but the scene as depicted by photographic evidence, does not show that the collision occurred in either a business or residential district. When the driver returned to his vehicle the engine was not running. He could not ascertain the length of time necessary to restart the engine and therefore should have replaced signals in an operating condition before attempting to restart the engine.
We hold that plaintiff was entitled to Instruction No. 8 under the authority of Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So.2d 578 (1951). We therefore reverse and remand the case for a new trial as to the defendants, Cissom and Poole Trucking Co.
Plaintiff also contends that the $5,000 verdict against Malley is wholly inadequate. The plaintiff incurred the following expenses and losses as a direct and proximate result of the collision:

Hospital $2,182.63
Doctor 442.00
Lost Wages 600.00
Loss of Automobile 775.00
 _________
 $3,999.63

The plaintiff was in the hospital 20 days, 6 days of which were spent in intensive care. She suffered a fracture of the sixth through the twelfth ribs, contusion of the right kidney, passed blood and blood clots, was catheterized for 8 or 9 days and suffered cuts about the head. We hold that, since plaintiff had actual out-of-pocket expenses in the amount of $3,999.63 in addition to pain and suffering, the verdict of the jury was not responsive to the proof and was inadequate. We therefore affirm the verdict against Malley as to liability, but reverse and remand for a new trial on the issue of damages only.
Malley filed a cross-appeal and assigns as error the failure of the lower court to grant him a peremptory instruction. Malley contends that the evidence shows that he was a careful driver; that he was driving normally; that he was looking ahead; and that plaintiff did not observe anything wrong with the way he was driving. Plaintiff stated that he was not swerving off the road, was not speeding and was not violating any traffic regulations. She further testified that he was talking but did not turn around while talking and did not take his eyes off the road for any length of time.
Malley's testimony was that he was observing the rules of the road, keeping a close lookout ahead when suddenly the unlighted trailer loomed up in front of him. There was testimony in the record that the trailer lights were burning with some flashing, so the question of whether Malley was keeping a proper lookout was one for the jury. We have repeatedly held that conflicts in testimony are to be resolved by the jury, and before a reviewing court can interfere with the verdict, testimony must so strongly preponderate that the court can safely say that it was overwhelming in favor of appellant. Miss. Cent. R. Co. v. Roberts, 173 Miss. 487, 160 So. 604 (1935).
The other errors assigned on cross-appeal have been considered and we find they are without merit. We therefore affirm on the cross-appeal.
Affirmed in part, reversed in part on direct appeal and remanded for a new trial; affirmed on cross-appeal.
All Justices concur.
NOTES
[1] The Court instructs the jury for the Plaintiff, Marsha Powers, that if the jury believes from a preponderance of the evidence that J.W. Cissom parked the truck leased by Defendant, Poole Trucking Company, Inc., beside the west bound lane of U.S. Highway 90, leaving a portion of the rear of said truck extending into the west bound lane of U.S. Highway 90, and failed to place flares, fuses, or other signals to the rear of the truck, then he was negligent, and if you believe from a preponderance of the evidence that said negligence was the proximate cause of injuris toe Plaintiff, then you shall return a verdict for the Plaintiff.