385 So.2d 605 (1980)
Elizabeth HAVER, a Minor, By and Through Her Parents as Next Friend, Jon R. Haver and Deborah P. Haver
v.
Elizabeth HINSON (Now Mrs. Elizabeth Hinson Ainsworth).
No. 51942.
Supreme Court of Mississippi.
May 28, 1980.
Rehearing Denied July 23, 1980.
*606 Gilbert & Moore, Alan L. Moore, Don W. Moore, Jackson, for appellant.
Steen, Reynolds, Dalehite & Currie, William M. Dalehite, Jr., Jackson, for appellee.
Before PATTERSON, C.J., and SMITH and SUGG, JJ.
PATTERSON, Chief Justice, for the Court.
In the Circuit Court of Rankin County, Elizabeth Haver filed, through her parents as next friend, a declaration alleging that Elizabeth Hinson negligently drove a car over her, causing extensive injuries. From a verdict for Hinson, Haver appeals, arguing that the trial court erred (1) by not instructing the jury peremptorily on liability, (2) by not granting a motion in limine to preclude defense remarks relating to any failure of due care on the part of Jon and Deborah Haver, parents, (3) by permitting testimony of Deborah Haver's alleged out-of-court statement of belief that the accident was not Elizabeth Hinson's fault, (4) by giving instruction D-14 relating to the applicable standard of care, and (5) by refusing alternative requests for a j.n.o.v. or a new trial. We affirm.
At approximately 6:00 p.m., on March 30, 1977, Elizabeth Hinson, driving a 1972 automobile, accompanied by Garth Haver, the plaintiff's brother, approached the Haver home from the west, pulled from the right to the left, or "wrong" side of the street where she parked, partially blocking the Haver driveway, and let Garth out of the car. Mr. Haver stood in his driveway getting his newspaper, and Mrs. Haver, with her child Julie in her arms, walked down to the car to chat. Mr. Haver followed his wife to the car and at this time Elizabeth Hinson noticed Elizabeth Haver standing between her parents.
*607 Concluding the conversation, Hinson said goodbye, started her car, looked in all directions, and seeing nothing, pulled away. She acknowledged she "didn't know [at that time] where [Elizabeth Haver] was." After moving one or two car lengths from where she had parked, Hinson heard a thud, stopped her car, and got out, saying "what did I hit?" By this time, the Haver parents had neared the entrance of their garage and faced their home. They turned, ran to the car, and discovered Elizabeth Haver pinned beneath the rear portion of the car, under the exhaust pipe, seriously injured. No one on the scene could be sure just how Elizabeth came to be under the car, although it appears likely that she crawled under before Hinson began to pull away.
We reject Haver's argument that she was entitled to a peremptory instruction on liability. Mississippi Code Annotated section 11-7-17 (1972) provides: "All questions of negligence and contributory negligence shall be for the jury to determine." We think the evidence presented a factual situation necessary for jury determination. When viewed in the light most favorable to the verdict, the evidence portrayed circumstances from which reasonable minds could find that Hinson afforded Elizabeth Haver all of the care which was due under the circumstances, including the presence of her parents in the immediate vicinity. See Smith v. Kilpatrick, 254 Miss. 155, 180 So.2d 607 (1965); Hebert v. Lenart, 247 Miss. 494, 153 So.2d 658 (1963). The jury received appropriate instructions on all applicable duties of care and found Hinson breached none which proximately contributed to the injury. The jury also received instructions correctly stating the rule against imputation of negligence from parent to child and against finding a child of tender years contributorily negligent.
Haver, however, relies upon two cases holding drivers as a matter of law had failed to discharge the duty imposed by Mississippi Code Annotated section 63-3-1105(4) (1972) to "exercise due care to avoid colliding with any pedestrian upon any roadway and ... [to] exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway": Cole v. Todd, 355 So.2d 292 (Miss. 1977), and McGee v. Bolen, 369 So.2d 486 (Miss. 1979). We think these cases are clearly distinguishable.
In Cole we reversed a verdict for the defendant, a hit and run driver who killed a man standing in open view on the shoulder of a highway. A witness had "noticed a man lying on or near the road and watched [the defendant's] van as it sped through a red light and passed from view." 355 So.2d at 293. In the present case, however, we cannot say, as we did in Cole, "[t]he only explanation that we can fathom for the accident is that [the defendant] was not maintaining a proper lookout for pedestrians and this negligence was the proximate cause of [the injury]." 355 So.2d at 294. Here, there is no evidence the child was in open view of the driver. Indeed, the evidence is to the contrary, leaving the strong probability the child unexpectedly crawled beneath Hinson's car before it pulled away from the curb, resulting in injury notwithstanding Hinson's vigilance in looking in all directions before moving.
McGee, supra, involved a defendant driver traveling on a highway at a high rate of speed. He observed several children on both sides lurking perilously close to the traveled portions of the roadway, and heard the prudent warning of a passenger to take great care. He reduced his speed only to twenty-five miles an hour and injured a darting child. This Court held tort liability attached as a matter of law.
Unlike McGee, this case does not involve a driver who indisputably observed a number of unsupervised children in precarious positions when he failed to reduce his speed within reasonable limits to provide for the likelihood that sudden braking might be necessary to protect human life. We need no expert on probability and statistics to observe that the more children present, the greater is the chance of darting, and  correspondingly  the greater is the need for caution on the part of the driver. In sum, we think this case more closely resembles *608 Smith and Hebert, supra, than Cole or McGee, supra.
Haver also argues Hinson was negligent per se in driving and parking on the wrong side of the street in contravention of Mississippi Code Annotated section 63-3-601 (1972). We disagree, because violation of a safety statute constitutes negligence per se only where (1) the plaintiff is a member of the class sought to be protected by the statute, and (2) the resultant harm is of the type sought to be prevented by the passage of the statute. U-Haul Co. v. White, 232 So.2d 705 (Miss. 1970).
We think it clear that the class sought to be protected by Section 63-3-601 includes only pedestrians and drivers who act in reliance upon the orderly flow of traffic dictated by the statute. The jury, having received instructions on the elements of negligence per se in view of Hinson's admitted violation of the statute, found  not unreasonably in view of the Haver child's age and position  no proximate causal link between the violation of the statute and the injuries. The risk of an accident of this sort would have been no less likely if Hinson had rounded the block and parked facing in the "appropriate" direction.
Haver next complains that the trial court erred in failing to grant her motion in limine, by which she urged the court to instruct the attorneys before trial to refrain from alluding in any fashion "to the supervision of or responsibility for the plaintiff, Elizabeth Haver, by her parents as their said acts or lack of action may relate to this cause of action." We decline to put the trial court in error for refusing to grant this motion. In McCay v. Jones, 354 So.2d 1095 (Miss. 1978), we suggested a preference for overruling broadly-drafted pretrial motions aimed at excluding whole blocks of evidence when more specific objections could be efficiently dealt with at trial. Haver's motion asked too much. Had it been granted in toto, it would have prevented Hinson's attorney from developing the whole story necessary to the jury's understanding of the circumstances of the injury, particularly the likelihood that Hinson relied upon the parents' presence as an added safety factor that could be taken into account by her when she stated her car and scanned the scene for pedestrians before departing.
Haver's next assignment of error concerns the admissibility of her mother's out-of-court statement that the accident was not Hinson's fault. It appears in the following segment of the record:
Q. Would you state to us what Deborah Haver stated to you upon your visit during the second hospitalization of Elizabeth?
A. Well, we were in the waiting room and she said "Well", said, "I might as well tell you, Jon is going to sue you." She said, "I've been trying to talk him out of it but I haven't been able to." Said, "I've tried to tell him that it's not your fault, we were negligent parents and we should have been watching after our child."
BY MR. MOORE:
Objection your Honor. We would like to approach the bench please.
Whereupon an off the record conference was held at the bench after which the jury left the courtroom and the following proceedings were had and done:
* * * * * *
BY THE COURT:
I'm going to sustain I think the objection to that part of it which says "We were negligent parents."
* * * * * *
The jury returned to the courtroom and the following proceedings were had and done:
BY THE COURT:
Ladies and Gentlemen I have sustained the objection that was made just before you left the courtroom and you are to disregard that part of the answer concerning any parents negligence.
BY MR. DALEHITE, continuing:
Q. Mrs. Ainsworth, did you have occasion to talk with Mrs. Haver in your *609 home sometime around August or September 1977?
A. Yes, sir.
Q. And would you relate what occurred at that time?
BY MR. MOORE:
We would object, your Honor, for the record.
BY THE COURT:
OVERRULE.
A. She came down to my house and she was very upset and she told me that Jon had been pressing her into signing this paper to sue me. In fact I think she hadn't signed it at that time, but she was upset about it, and she told me it was not my fault, she had been trying to tell Jon it was not my fault....
* * * * * *
Offered for its truth, the statement plainly falls within the hearsay exclusionary rule unless it can be admitted pursuant to the party-opponent admissions exception. If within that exception, it should have been admitted although it was a conclusory opinion with doubtful foundation in the declarant's personal knowledge. Matthews v. Carpenter, 231 Miss. 677, 97 So.2d 522, 524-26 (1957); Scott v. Fowler, 227 Miss. 643, 86 So.2d 477 (1956); Hickey v. Anderson, 210 Miss. 455, 49 So.2d 713 (1951).
In Mississippi Central Railroad Co. v. Pillows, 101 Miss. 527, 58 So. 483 (1912), we held the pre-litigation statements of nominal parties suing as next friend without beneficial interest in the suit do not come within the admissions exception to the hearsay rule. We presently must consider the fact that the parent, not the child, bears the ultimate legal liability for the medical expenses for which reimbursement was sought in the declaration in this case. See Lane v. Webb, 220 So.2d 281 (Miss. 1969); St. Regis Paper Co. v. Seals, 211 So.2d 547 (Miss. 1968). Thus, despite the established rule preventing imputation of negligence from parent to child, see Bunch v. Shaw, 355 So.2d 1383 (Miss. 1978), the out-of-court statements of a parent suing as next friend for the medical expenses of a minor child may be offered by the defendant as the admissions of an adversary having an identifiable beneficial interest in the suit. In our opinion, it follows that the court properly sustained the objection concerning Mrs. Haver's statement suggesting that the Havers were "negligent parents," and properly overruled the objection concerning Mrs. Haver's statement that the accident was "not [Mrs. Hinson's] fault."
Haver next complains that the trial court instructed the jury to return a verdict for Hinson if it found Hinson maintained "a reasonable and proper lookout for other vehicles ... and for minor pedestrians ... in the vicinity ... and ... acted as a reasonable person would have acted in the operation of her automobile... ." We see no defect in this instruction, particularly when we read it, as we must, with other related instructions which were given. Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962). Haver's only basis for objecting to the instruction at trial, moreover, falls short of the specificity required by Mississippi Supreme Court Rule 42: She said only that the instruction was "not justified by law and evidence in the case."
Haver's final assignment of error attacks the refusal of the trial court to grant a j.n.o.v. or a new trial. Our discussion of the propriety of denying a peremptory instruction applies as well to the propriety of denying a j.n.o.v. As for the motion for a new trial, it follows from our discussion of the evidentiary issues that it too was properly denied.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.