548 So.2d 382 (1989)
GOLDEN FLAKE SNACK FOODS, INC. and Bennie Lewis
v.
Maxine Young THORNTON.
No. 58379.
Supreme Court of Mississippi.
May 10, 1989.
Rehearing Denied September 20, 1989.
Thomas Y. Page, Upshaw, Williams, Biggers, Page & Kruger, Jackson, for appellant.
Eugene C. Tullos, Tullos & Tullos, Raleigh, Mike Pace, Mendenhall, for appellee.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE FACTS
On February 4, 1982, at approximately 11:30 p.m. Maxine Young Thornton while walking north on the sidewalk beside Highway 541 within the city limits of Magee, Simpson County, Mississippi, met a tractor-trailer truck owned by Golden Flake Snack Foods, Inc., and driven by Bennie Lewis proceeding south within the same area. The record is not clear as to who flagged down whom, but irrespective of this fact the vehicle driven by Bennie Lewis came to a complete stop in the south bound lane of Highway 541 and Maxine Young Thornton crossed the north-bound lane to the driver's side of the truck where a brief conversation took place between Maxine Young Thornton and Bennie Lewis. Both Bennie Lewis and Maxine Young Thornton said that the conversation took place only a brief time, a minute or minute and a half at the most, with nothing more than the exchanging of pleasantries. Maxine Young Thornton, noticing the approach of a vehicle in the north-bound lane of Highway 541, left the driver's side of the truck and was proceeding back across the north-bound lane of Highway 541 when she was hit by the vehicle driven by Hope Thornton and was seriously injured. The record reflects that Maxine Young Thornton independently decided when to abandon the conversation and cross the highway. Bennie Lewis testified that he attempted to warn Maxine Young Thornton by shouting to her. The front right part of Hope Thornton's car hit Maxine Young Thornton's body.
Hope Thornton was driving her father's car with two passengers, Sonya Hamlett and her brother Joe Thornton. They were headed north out of Magee on Highway 541 and as she approached the truck she wasn't sure if the truck was stopped or moving, but upon drawing closer she realized *383 the truck was stopped. At the trial, Hope Thornton testified that she could not see past the head lights of the truck driven by Bennie Lewis. At the scene of the accident, the investigating officer, Deputy Barns, and an eye-witness, Elonda Price, testified that Hope Thornton admitted at the scene that she had been blinded by the lights of the truck. Maxine Young Thornton was struck on the left side of her body by the vehicle driven by Hope Thornton. Hope Thornton admitted that she was driving approximately 30 miles an hour, but admits that if anything it was below the posted speed limit of 35 miles an hour. As she approached the truck stopped in the road, Hope Thornton removed her foot from the accelerator, but did not apply her brakes until she saw Maxine Young Thornton and did not see her until she was approximately 6 inches in front of the automobile. There was no collision between Hope Thornton's vehicle and the vehicle driven by Bennie Lewis.
Bennie Lewis called for assistance and went to the police station to provide information and was listed as a witness on the police accident report. Maxine Young Thornton was taken to Magee General Hospital Emergency Room and transferred subsequently to the University Hospital in Jackson where she underwent numerous surgical procedures requiring pins, screws, and plates to repair her legs. Later she required other procedures to remove these implements from her legs. Maxine Young Thornton accumulated over $25,283.00 in medical expenses through the trial. Maxine Young Thornton was not employed at the time of the accident and no lost wages were shown.
On October 3, 1986, in the Circuit Court of Simpson County, Mississippi, the jury returned a verdict in favor of Maxine Young Thornton in the sum of $97,000.00 against Bennie Lewis and Golden Flake and in favor Hope Thornton. It is from this verdict that the appellant appeals to this Court, citing as assignments of error the following:
I.
THE VERDICT OF THE JURY IS PALPABLY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, WHICH EVINCES THAT THE JURY REACHED AN IMPROBABLE, IF NOT IMPOSSIBLE, RESULT OR THAT THE JURY WAS SIMPLY MISTAKEN.
II.
A VERDICT, RETURNED SOLELY AGAINST A NON-RESIDENT CORPORATE DEFENDANT AND ITS NON-RESIDENT DRIVER, AND IN FAVOR OF THE LOCAL CO-DEFENDANT, WHICH IS IMPOSSIBLE AND UNSUPPORTABLE IN LIGHT OF THE FACTS AND APPLICABLE LAW, IS OBVIOUSLY THE RESULT OF BIAS, PASSION AND PREJUDICE AGAINST THE CORPORATE DEFENDANT AND FURTHER IS A DELIBERATE ATTEMPT TO CIRCUMVENT THE MISSISSIPPI JOINT AND SEVERAL LIABILITY STATUTES AND CANNOT STAND.
III.
THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR IN DENYING THE MOTION OF GOLDEN FLAKE SNACK FOODS, INC. AND BENNIE LEWIS, APPELLANTS, FOR A DIRECTED VERDICT, TO WHICH THEY WERE ENTITLED.
IV.
THE VERDICT OF THE JURY IS ERRONEOUS, THE COURT HAVING IMPROPERLY INSTRUCTED THE JURY AS TO PLAINTIFF'S THEORY AND HAVING FAILED TO INSTRUCT THE JURY AS TO VALID THEORIES OF DEFENSE.
Causation in this case may be debated, but that does not make causation impossible or improbable and the jury, after having been fully instructed, found against the defendants Golden Flake and Bennie Lewis. Causation might be derived from either or both of two occurrences. First, that Golden Flake's vehicle was stopped in the road improperly. The evidence supported the conclusion that the truck was totally on the hard surface of the road and *384 that statutorily the truck had no legal right to be there. Miss. Code Ann. § 63-3-903 (1972). Further the evidence shows that the defendant Golden Flake could have pulled off of the surface of the highway, but failed to do so. Such failure was a negligent act but whether such failure contributed to the plaintiff's injury is an issue for the jury. Justice Robertson in writing for the Court in Stong v. Freeman, 456 So.2d 698, 707 (Miss. 1984), rightfully said:
The reasons why these statutes furnish our standard of care are familiar. See Reinstatement (Second) of Torts, § 286 (1965) (reasonable man standard may be defined by legislation); see also Georgia Pacific Corporation v. Armstrong, 451 So.2d 201 (Miss. 1984); Harver v. Hinson, 385 So.2d 605, 608 (Miss. 1980) (statutes delineate what is negligent conduct); Munford, Inc. v. Peterson, 368 So.2d 213, 217 (Miss. 1979) (same); Powers v. Malley, 302 So.2d 262, 264-65 (Miss. 1974) (same); and, most important, U-Haul Co. v. White, 232 So.2d 705, 708 (Miss. 1970) (same).
Sections 63-3-903 and 63-7-71 were enacted by our legislature to protect motorists on our highways. They made unlawful conduct found to have been the frequent cause of accidents and were designed to deter that conduct... .
The second causation possibility is that the jury considered the factual issue of the lights of Golden Flake's vehicle obscuring the vision of the defendant Hope Thornton. At trial, Hope testified that she could not see beyond the lights of the truck, but that she was not blinded by them. Both a witness to the accident and the investigating officer at the scene testified that Hope Thornton stated that she was blinded by the lights of the truck. Upon his approach to the scene of the accident, the investigating officer noted that the lights of the Golden Flake truck were "bright". Miss. Code Ann. § 63-7-33 (1972) states in part, "Whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver." The causal effect Lewis' improper stopping of the vehicle in the roadway and the light obscuring the vision of the defendant Hope Thornton, are issues rightfully determined by the jury and, the jury now having done so, this Court will not interpose a different result.
The defendant Golden Flake argues strongly that a verdict had to be rendered against the defendant Hope Thornton. One's first thought might be that the defendant Hope Thornton had to be included in the verdict. The defendant Golden Flake should be reminded that the jury could have found against Golden Flake Snack Foods, Inc., and not against the driver of the vehicle without impairing the jury's verdict or requiring the reversal of the said verdict. Capital Transport Co. v. McDuff, 319 So.2d 658 (Miss. 1975). Certainly if the jury may leave out Bennie Lewis, the driver of Golden Flake's vehicle, it may also leave out the defendant Hope Thornton. Miss. Code Ann. § 11-7-177 (1972).
Mississippi's law on joint and several liability is such that the instant case need not be reversed for the failure to include the defendant Hope Thornton in the verdict. One may recognize that misery wants company, but this Court does not have to assign company to those in misery. The jury had the prerogative of including or not including Hope Thornton in the verdict; after a review, they did not. This Court is loath to find fault, certainly not intentional fault with 12 men and women tried and true. We try to evidence confidence in our jury's findings and we will not lightly find wrongdoing on the jury's part. This Court will not set aside a jury verdict unless it is against the overwhelming weight of the evidence and credible testimony. Adams v. Green, 474 So.2d 577, 581 (Miss. 1985).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.