667 So.2d 594 (1995)
Mary THOMAS, Administratrix of the Estate of Sam E. McCormick
v.
William McDONALD, Jr., L.H. Martin, individually and doing business as DAPSCO, Inc., and DAPSCO, Inc.
No. 91-CA-01067-SCT.
Supreme Court of Mississippi.
November 30, 1995.
*595 Gregory K. Davis, Davis Gross & Williams, Jackson, for appellant.
Forrest W. Stringfellow, Pamela E. Gunter, Daniel Coker, Horton & Bell, Jackson, for appellee.
Before HAWKINS, C.J., and McRAE and ROBERTS, JJ.
McRAE, Justice, for the Court:
Mary Thomas, administratrix for the estate of Sam McCormick, appeals a August 12, 1991, jury verdict of the Jasper County Circuit Court finding William McDonald, Jr. and DAPSCO, Inc. not liable for damages McCormick sustained as the result of a collision with a DAPSCO truck which had stopped in the middle of the highway due to mechanical failure. Thomas now challenges the trial court's denial of jury instructions based on Miss. Code Ann. §§ 63-7-71 and 63-7-69, which require warning devices for vehicles stopped on public roadways. Finding that Thomas was entitled to a negligence per se instruction, we reverse and remand for a new trial.

I.
Sam McCormick was injured on March 7, 1990, when his pick-up truck collided with an International "gang truck" owned by DAPSCO and operated by William McDonald. The DAPSCO truck had stalled on a hill, blocking the eastbound lane of Highway 528, near Heidelberg, Mississippi. Although it was about 6:30 p.m., the operator of the disabled vehicle had provided no warning to the other drivers on the road.
The DAPSCO truck had suffered mechanical problems throughout the week before the accident. It had failed to start on several occasions and a new battery had been installed. It remained idle at a job site until the evening of the accident. Sometime between 5:45 and 6:00 p.m., when it was "getting dark," the crew left the site to return to the DAPSCO yard in Heidelberg. McDonald drove the "gang truck" for the first time since it was last repaired. As he approached the intersection of Claiborne Road and Highway 528, the truck stalled. The engine stopped and the lights went off. After McDonald failed to arrive at the DAPSCO yard, the foreman went to look for him. Baker jump started the truck with booster cables. However, while going up a slight incline, the truck stalled again. McDonald attempted to "kick start" the truck, but it had already stopped. The disabled truck occupied the entire eastbound lane leading into town. Baker testified that he had turned around to warn oncoming cars of the stalled truck. Neither this truck, nor any of the other DAPSCO trucks, however, were equipped with warning devices in the event of vehicle breakdown.
McCormick filed a negligence action against McDonald and DAPSCO on May 14, 1990 in the First Judicial District of the Jasper County Circuit Court. He died a year later of a heart attack attributed to preexisting congestive heart failure. McCormick's sister and administratrix of his estate, Mary Thomas, was substituted as party-plaintiff on July 26, 1991. On August 12, 1991, the jury returned a verdict for McDonald and DAPSCO. Judgment was entered consistent with the verdict on August 19, 1991, and thereafter, Thomas perfected this appeal.

II.
Thomas first asserts that the trial court erred in refusing to instruct the jury that the defendants' failure to place warning *596 signals on the highway was negligence per se. The rejected Instruction P-10 stated as follows:
This Court instructs the jury that at the time and place of the truck collision which occurred on March 7, 1990, William McDonald, Jr. was negligent as a matter of law in that he violated section 63-7-71 of the Miss. Code by failing to place reflectors or other signals in an operating condition upon the highway.
If you further believe by a preponderance of the evidence that such action or actions, if any, on the part of William McDonald, Jr. proximately cause or proximately contributed to the collision in this cause, and that Sam E. McCormick sustained injuries and damages as a direct result of the collision, then you are under a sworn duty to return a verdict for the plaintiff and against the defendants, DAPSCO, Inc. and William McDonald, Jr.
McDonald and DAPSCO objected on grounds that it was a peremptory instruction. They argued that drivers are only required to place signals with reasonable diligence. The refused instruction was based on Miss. Code Ann. § 63-7-71 (1972) which, in relevant part, states:
(1) Whenever any motor truck or bus is stopped upon the highway except for the purpose of picking up or discharging passengers, or its lighting equipment is disabled during the period when lighted lamps must be displayed on vehicles and such motor truck or bus cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, fusees, [warning devices used by railroads and truckers], reflectors, or other signals to be lighted or otherwise placed in an operating condition and placed upon the highway, one at a distance of approximately one hundred feet to the rear of the vehicle, one approximately one hundred feet in advance of the vehicle and the third upon the roadway side of the vehicle. However, if the vehicle is transporting inflammables, no flares (pot torches), fusees, oil lanterns, or any signal produced by a flame, may be used, and in lieu of such signals, either (a) three red electric lanterns or flares and three red cloth rags, or (b) three emergency reflectors and three red cloth flags shall be used.
(2) Whenever any motor truck or bus is stopped upon the highway except for the purpose of picking up or discharging passengers between the hours of one half hour before sunrise and one half hour after sunset, the driver or person in charge of such vehicle shall place upon the highway in a standing position red flags, one at a distance not less than one hundred feet to the rear of the vehicle and one not less than one hundred feet in advance of the vehicle and the third upon the roadway side of the vehicle.
(Emphasis added).
Generally, when two cars are traveling in the same direction, the primary duty of avoiding collision rests with the second driver, who, in the absence of an emergency or unusual condition, is negligent as a matter of law if he runs into the car ahead. White v. Miller, 513 So.2d 600, 602 (Miss. 1987). Whether the circumstances rise to the level of an emergency or unusual condition is a matter for the jury to determine. Id.
However, where there is a statute, the statute will be the controlling law for the parties' action or failure to act. See Haver v. Hinson, 385 So.2d 605, 608 (Miss. 1980) (statutes delineate negligent conduct). Violations of statutes generally constitute negligence per se. Travis v. Hartford, 630 So.2d 337, 342 (Miss. 1993); U-Haul Co. v. White, 232 So.2d 705, 708 (Miss. 1970).
The principle that violation of a statute constitutes negligence per se is so elementary that it does not require citation of authority. When a statute is violated, the injured party is entitled to an instruction that the party violating is guilty of negligence, and if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover.
Bryant v. Alpha Entertainment Corp., 508 So.2d 1094, 1096 (Miss. 1987) (negligence per *597 se to sell beer to person under the age of eighteen).
In order for the doctrine of negligence per se to apply, the plaintiff must show that he is a member of the class that the statute was designed to protect and that the harm he suffered was the type of harm which the statute was intended to prevent. Haver, 385 So.2d at 608; U-Haul Co., 232 So.2d at 708. McCormick, a traveler on a Mississippi highway, was within the class of individuals the statute was designed to protect. The accident that occurred on Highway 528 was the kind of harm that the statute was intended to prevent. "Sections 63-3-903 and 63-7-71 were enacted by our legislature to protect motorists on our highways." Golden Flake Snack Foods, Inc. v. Thornton, 548 So.2d 382, 383 (Miss. 1989); Stong v. Truck Line, 456 So.2d 698, 707 (Miss. 1984). See also, Munford, Inc. v. Peterson, 368 So.2d 213, 217 (Miss. 1979); Powers v. Malley, 302 So.2d 262, 264-65 (Miss. 1974).
In Stong v. Freeman Truck Line, 456 So.2d 698 (Miss. 1984), we examined Miss. Code Ann. § 63-7-71. Stong was a negligence action arising from a collision on Interstate 55 between an automobile and a stalled truck, where no warning signals were in place. Id. In contrast to the DAPSCO truck, the stalled vehicle in Stong was equipped with three regulation size reflectors that could have been set out to warn oncoming traffic. Id. at 702. We found that the trial court had erred in advising the jury that the acts or omissions which violated the statute were merely evidence of negligence and not negligence per se. Id. at 704. However, as distinguished from the case sub judice, in addition to the erroneous instructions, the plaintiff had requested and was granted two negligence per se instructions. Id. at 701.
Both Stong and Hankins v. Harvey, 248 Miss. 639, 160 So.2d 63 (1964) have imposed a reasonable time limit upon vehicle operators to set out reflectors or other warning devices. In Hankins, we stated that flares, reflectors, or other signals should be set out with "reasonable and proper diligence, or promptly under all the facts and circumstances of the case." 160 So.2d at 63. In Stong, we applied the ten-minute time limit used in the federal regulations for interstate highways pursuant to 49 C.F.R. 392.22(b)(1), holding that "[w]here there is a conflict in the evidence and where more than one reasonable interpretation may be given the facts, whether the driver acted with reasonable promptness under the circumstances or within a ten minute time limit must be determined by the jury under proper instructions." Stong, 456 So.2d at 710 (emphasis added).
When this Court interprets a statute, and the statute is retained in subsequent codes without amendment by the Legislature, our interpretation becomes, in effect, part of the statute. Crosby v. Alton Ochsner Medical Foundation, 276 So.2d 661, 670 (Miss. 1973). See also, Choctaw, Inc. v. Wichner, 521 So.2d 878 (Miss. 1988); McDaniel v. Beane, 515 So.2d 949, 951 (Miss. 1987); In re Kelly's Estate, 193 So.2d 575 (Miss. 1967); Kittrell v. O'Flynn, 203 Miss. 164, 33 So.2d 628 (1948). McDonald and DAPSCO contend that they did not have time to move the truck or to provide any warning that it was blocking the road. Because we have provided a "reasonable time" interpretation to the statute, McDonald and DAPSCO might have had a viable defense had the vehicle been equipped with the required warning devices. However, regardless of how we construe the statute, DAPSCO could not have complied. It is uncontroverted that the truck had no lights and was not equipped with reflectors or other warning devices. Thus, the circuit court erred in failing to grant Thomas the negligence per se instruction she sought.

III.
Thomas further contends that the circuit court erred in denying Instruction P-11, based on Miss. Code Ann § 63-7-69(1), which provides as follows:
No person shall operate any truck or bus on any highway outside the limits of any municipality or residential section adjacent thereto between the hours of one half hour after sunset and one half hour before sunrise unless there be carried in such vehicle, ready for use, certain warning and safety appliances such as flares, *598 fusees, flags, reflectors, fire extinguishers, and the like.
As Thomas recognized, it was her duty as the plaintiff to prove her case. While statutes furnish our standard of care, the facts must support the applicability of the statute. Stong, 456 So.2d at 707-08. Courts may take issues from the jury only where "the facts are so clear that reasonable minds could not differ." Id. at 708. Although the fact that neither McDonald's vehicle nor any of the other DAPSCO trucks had safety devices in the event of truck failure as required by statute was admitted, Thomas failed to establish the requisite time component of the statute; that is, whether a half hour had passed since the sun set. Butler, the DAPSCO foreman, testified that the crew left the work site around 5:45 p.m. or 6:00 p.m. The investigating officer testified that he received a call for the wreck about 6:30 p.m. and described the light as "dusk dark." Although McDonald originally stated in his answer to interrogatories and in his Motion in Limine that it was dark at the time of the accident, he subsequently changed his testimony at trial to state that it was "getting dark." Whether it was dark at the approximate time of the accident is a fact that could easily have been determined and would have been a proper subject for the taking of judicial notice. Comment, Miss.R.Evid. 201(b). Thomas could have offered into evidence The Clarion Ledger for that date, the Farmer's Almanac, or any other recognized publication documenting the time of the sunset on the day of the accident. Because Thomas failed to establish the requisite time component of § 63-7-69(1), the circuit court cannot be held in error for denying this particular instruction. Therefore, her second assignment of error is without merit.

IV.
After the trial court refused Thomas' Jury Instructions P-10 and P-11, she drafted and requested Jury Instruction P-19, which states, in relevant part:
The court instructs the jury that the driver of a stopped truck that cannot immediately be removed from the main traveled portion of the highway shall place reflectors or other signals on the highway at a distance of one hundred feet to the rear of the vehicle, one hundred feet ahead of the vehicle and a third upon the roadway side of the vehicle. If you believe from a preponderance of the evidence that the defendant, William McDonald, Jr., in the operation of the 1978 truck, negligently created the emergency which caused the need to stop on the highway, and you further find that William McDonald, Jr. failed to place reflectors or flares on the highway; then such actions, if any, on the part of the defendant, William McDonald, constitutes negligence.
McDonald and DAPSCO objected in part to Instruction P-19 because of the word "immediately." The circuit court substituted its own Instruction C-1, replacing "immediately" with the language, "within a reasonable time" in the first sentence of the instruction, and adding the phrase, "had sufficient time before the collision" preceding the phrase "to place the reflectors ..." in the second sentence. As Thomas argues, "immediately" in this instruction refers to the time it would take to remove a disabled vehicle from the highway, as distinguished from Issue II, supra, where the language "immediately" and "reasonable period of time" was used to define the length of time in which warning signals must be placed on the road after a vehicle becomes disabled. Instruction C-1, as given, leaves us, and surely a jury, to wonder what would be a reasonable time in which to remove a disabled vehicle from the highway. It suggests that warning need only be provided in those instances where a vehicle cannot be moved in some "reasonable" period of time, despite the presumed intent of the statute to protect motorists during that all too often brief but fatal moment between the time a vehicle stalls and is moved off the road. Rather than providing the curative measure Instruction P-19 was intended to offer, Instruction C-1 as given serves only to confuse.
The refusal of a timely requested and correctly phrased jury instruction on a genuine issue of material fact is proper only if the trial court  and this court on appeal  can say, taking the evidence in the light most *599 favorable to the party requesting the instruction, and considering all reasonable and favorable inferences which may be drawn from the evidence in favor of the requesting party that no hypothetical, reasonable jury could find in accordance with the theory of the requested instruction. Lee v. State, 469 So.2d 1225, 1230-32 (Miss. 1985); Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984). No hypothetical juror could find that McDonald or DAPSCO carried and/or utilized the warning devices required by statute. The circuit court, at the very least, should have granted Instruction D-19 to mitigate its error in denying Thomas' originally requested instruction. The substitution of Instruction C-1 served only to confuse the jury.

CONCLUSION
The circuit court erred in refusing to grant a negligence per se jury instruction based on Miss. Code Ann. §§ 63-7-71(1) and (2) and further, in substituting its own confusing instruction in place of Thomas' properly-worded Instruction P-19. We do, however, find that the circuit court properly rejected Instruction P-11. Accordingly, we reverse the decision of the lower court and remand the case for a new trial.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, ROBERTS and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.