DICKINSON, Justice,
dissenting:
¶ 18. Mississippi law clearly and unambiguously prohibits the rental of a motor vehicle to any person who is not “then duly licensed.” This case requires the Court to decide whether a vehicle rental company may escape the consequences of renting an automobile to a person with an invalid driver’s license by demonstrating that the invalid license was “facially valid.” Because the statute neither contains nor implies any such exception, I respectfully dissent.
¶ 19. Prior to casting my dissenting vote, I carefully searched the Mississippi Code for any provision of law suggesting that a “facially valid” license could qualify a person as being “then duly licensed.” I found no such exception. The majority, on the other hand, holds that Enterprise did not violate Miss.Code Ann. Section 63-1-67 since the statute “only places a burden on rental car companies to accept facially valid, unexpired driver’s licenses.” The *1293 majority reaches this conclusion despite the following clear, precise language employed by the Legislature: “No person shall rent a motor vehicle to any other person unless the latter person is then duly licensed under the provisions of this article....” Miss.Code Ann. § 63-1-67(1) (Rev.2004) (emphasis added). Thus, the majority ipso facto considers a person who possesses an invalid driver’s licence that appears valid to be “then duly licensed.”
¶ 20. It seems to me this Court should simply look at the words of the statute and apply the meaning of those words in deciding this case. The statute’s key three-word phrase, “then duly licensed,” is not overly complicated.

“Then”

¶21. The only time period or event referred to by, or associated with, the statute is the time a person rents a motor vehicle to another person. Thus, the word “then,” as used in the statute, refers to— and can only modify — the time of the rental. In other words, the requirement of the statute must be met at the time of the rental.

“Duly”

¶ 22. The word “duly” is in every dictionary and thesaurus I was able to locate. The definitions include inter alia “in a proper manner,” The American Heritage Dictionary of the English Language (4th ed.2004); “in a due manner or time,” Merriam-Webster’s Dictionary of Law (2006); and “in accordance with legal requirements,” Black’s Law Dictionary 407 (7th ed.2000). Synonyms of “duly” include “appropriately,” “fitly,” “properly,” and “suitably.” Roget’s New Millennium Thesaurus (1st ed.2006). I found no reference in any dictionary or thesaurus that remotely relates the word “duly” with anything appearing to be what it is not. Given these definitions and synonyms, I fail to follow the majority’s logic in finding that a person who does not hold a valid driver’s license is nonetheless “duly licensed” simply because that person presented an invalid license that was “facially valid.”
¶ 23. The distinction is important in this case because by renting a motor vehicle to a person who was not “then duly licensed,” Enterprise violated the statute and thus might be found liable for Cousin’s damages under the doctrine of negligence per se. “Mississippi recognizes the doctrine of negligence per se, which in essence provides that breach of a statute or ordinance renders the offender liable in tort without proof of a lack of due care.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 796 (Miss.1995). “To prevail in an action for negligence per se, a party must prove that he [or she] was a member of the class sought to be protected under the statute, that his [or her] injuries were of a type sought to be avoided, and that violation of the statute proximately caused his [or her] injuries.” Snapp v. Harrison, 699 So.2d 567, 571 (Miss.1997) (citing Thomas v. McDonald, 667 So.2d 594, 597 (Miss.1995)). “When a statute is violated, the injured party is entitled to an instruction that the party violating is guilty of negligence, and if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover.” Gallagher Bassett Servs. v. Jeffcoat, 887 So.2d 777, 787 (Miss.2004).
¶ 24. In my view, Cousin should be allowed to proceed with her action. She is certainly within the class of persons sought to be protected by Section 63-1-67 (persons who share the road with people who rent cars and might suffer injury due to the careless driving of an unlicensed person). Also, Cousin suffered injuries of the type sought to be avoided by the section’s requirement that only duly licensed drivers be allowed to rent cars (injuries sus *1294 tained in a car crash with a renter who had a suspended license.) Whether she can prove that Enterprise’s negligence proximately caused or contributed to her injuries is for a jury to decide.
¶ 25. With all due respect to the majority, its decision today injects an exception into Section 63-1-67(1), and thus represents an amendment to, rather than an interpretation of, the statute. I acknowledge the difficulty visited upon rental car companies by the language of the statute and the consequences of its application. However, the decision of whether to alleviate that difficulty rests with the Legislature, not us. We must respect the wording selected by the Legislature, even though we might believe the statute to be impractical, unworkable, or unwise. Our privilege and duty to amend or invalidate statutes ends at the line which separates constitutional statutes from those which are not. There being no suggestion in this case that Enterprise has a constitutional right to rent a motor vehicle to a person with a license which is invalid, but appears to be valid, I must respectfully dissent.
¶ 26. For these reasons, I would reverse and remand.
DIAZ, GRAVES AND RANDOLPH, JJ., JOIN THIS OPINION.