# IN THE COURT OF APPEALS 12/3/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CA-00241 COA


**THERESA M. DREXLER, AS MOTHER AND NEXT FRIEND OF ALLANA DREXLER, A MINOR**

**APPELLANT**

**v.**

**JOHN P. SMITH, JR., AND GENEVIA C. SMITH**

**APPELLEES**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. ANDREW CLEVELAND BAKER

COURT FROM WHICH APPEALED: DESOTO COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

RALPH EDWIN CHAPMAN

DANA J. SWAN

ATTORNEYS FOR APPELLEES:

T. SWAYZE ALFORD

GUY T. GILLESPIE, III

NATURE OF THE CASE: CIVIL: ACTION BROUGHT BY PARENT SEEKING COMPENSATION FOR CHILD'S INJURY AND DAMAGES CAUSED BY DOG BITE.

TRIAL COURT DISPOSITION: JURY RENDERED VERDICT IN FAVOR OF APPELLEES AND JUDGE DENIED APPELLANT'S MOTION FOR A NEW TRIAL.

BEFORE BRIDGES, P.J., KING, AND PAYNE, JJ.

KING, J., FOR THE COURT:

The Appellant sued the Appellees in DeSoto County Circuit Court seeking compensation for injuries and damages sustained by the Appellant's minor child after being bitten by the Appellees' dog. The jury returned a verdict in favor of the Appellees. The Appellant appeals assigning the following errors:

> I. WHETHER THE COURT ERRED BY NOT GRANTING APPELLANT'S MOTION FOR A NEW TRIAL.

> II. WHETHER THE COURT ERRED IN GRANTING APPELLEES' JURY INSTRUCTION D-3 AND IN DENYING APPELLANT'S INSTRUCTION P-4.

> III. WHETHER THE COURT ERRED IN FAILING TO PROPERLY INSTRUCT THE JURY OF AN ANIMAL OWNER'S LIABILITY UNDER THE COMMON LAW.

Finding no reversible error, we affirm the trial court's decision.

FACTS

In June of 1990, Allana Drexler was bitten by the eleven-month-old chow puppy of the Appellees, John and Genevia Smith. The incident occurred in the Smiths' garage where the puppy was tied up eating a bowl of food. According to Cecil Johnston, the only eyewitness, Allana approached the puppy from the rear and touched him on the back. The dog whipped around, snapped one time, and resumed eating. Allana screamed. Mr. Johnston said that he thought the child screamed from fright, because he did not think the puppy had actually bitten her. Mr. Smith, who until this time had been inside the house, came running outside after having heard the child's screams. Mr. Smith and Mr. Johnston realized that the child was bitten when they saw the flow of blood coming from her lip. Mr. Smith grabbed Allana and applied a towel to her mouth to stop the bleeding. He put Allana in the car and was about to take her to the emergency room when her father, Bill Drexler, arrived. Mr. Drexler got into the car with Mr. Smith and Allana and headed to the emergency room. Mr. Johnston stated that through all of the excitement the puppy continued to eat, oblivious to everything that happened after having snapped at Allana.

Allana received a severe injury to the lip from the puppy's bite. She has undergone reconstructive

surgery but will have a lasting scar on her upper lip. Her mother, the Appellant Theresa Drexler, filed suit on behalf of Allana against the Smiths seeking to recover for the injury and resulting damages. The case went to trial on January 18, 1994, and on January 19, the jury returned a verdict in favor of the Smiths. Mrs. Drexler moved for a new trial, but the trial court denied the motion. From that denial, Mrs. Drexler on behalf of Allana appeals to this Court.

> I. WHETHER THE TRIAL COURT ERRED IN THE DENIAL OF THE APPELLANT'S MOTION FOR A NEW TRIAL.

In Mississippi, the trial judge may grant a new trial "when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion and prejudice." *Kitchens v. Mississippi Ins. Guar. Ass'n,* 560 So. 2d 129, 132 (Miss. 1989). Our supreme court gives the trial court great deference in determining whether a new trial should be granted. *Odom v. Roberts,* 606 So. 2d 114, 118 (Miss. 1992). "The general rule in Mississippi is that the trial court has the power and duty to set aside a verdict and order a new trial whenever, in its sound judgment, such action is required." *Motorola Communications & Elec. v. Wilkerson,* 555 So. 2d 713, 723 (Miss. 1989) (citing M.R.C.P. 59(a)(1)). A finding that the verdict was not against the overwhelming weight of the evidence will not be reversed unless the lower court abused its discretion. *James v. Mabus*, 574 So. 2d 596, 601 (Miss. 1990).

In this case, Mrs. Drexler alleged that the Smiths failed to use reasonable care in restraining their dog when children were present. Particularly when they knew that the puppy had bitten other children. The jury had ample basis on which to determine whether Mrs. Drexler had proved the elements of negligence. They heard testimony from Mrs. Drexler, two of her children, including the victim, the Smiths, and Mr. Johnston, the eyewitness. All of the witnesses testified that the Smiths always kept the puppy tied up or fenced in the yard. There was also testimony that except for one occasion when the puppy grabbed a sandwich out of the hands of one of the Smiths' children, the dog had never acted abnormally aggressively toward any person. Mr. Johnston testified that on the day that Allana was bitten, the puppy was tied in the garage eating and snapped at the girl only after she approached it from behind and touched its back.

We do not find that the jury's verdict was against the overwhelming weight of the evidence. None of the evidence indicated that the puppy had an abnormal disposition or that he was overly aggressive to the extent that he required any more restraint than the Smiths had already exercised. Therefore, a jury could have concluded that the Smiths were not negligent in their restraint of the puppy.

Drexler has alleged in issues II and III that the court improperly instructed the jury on the Smiths' liability for the injury and damages caused by their puppy. We will address these issues in the section below. Drexler does not raise issues of bias and prejudice by the jury, and we think rightly so as there is no indication of such. In sum, we do not find that the trial judge abused his discretion by denying Drexler's motion for a new trial.

> II. WHETHER THE TRIAL COURT ERRED IN GRANTING APPELLEES' JURY INSTRUCTION D-3 AND IN DENYING APPELLANT'S JURY INSTRUCTION P-4.

AND

## III. WHETHER THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY OF AN ANIMAL OWNER'S LIABILITY UNDER THE COMMON LAW.

Drexler contends that the trial court erred in granting jury instructions, which held the Smiths to a negligence standard rather than one of strict liability as requested by Drexler. Drexler argues that since Mississippi does not have a statute that imposes liability for injuries inflicted by a dog, then the trial court should have instructed the jury on the common law standard of strict liability. In contrast, the Smiths argue that Drexler is procedurally barred because she failed to allege a theory of strict liability in the original pleadings, and because she failed to produce evidence to support such a theory during the trial. *Steele v. Holiday Inns, Inc.,* 626 So. 2d 593, 602 (Miss. 1993); *see also Glorisoso v. YMCA*, 556 So. 2d 293, 295 (Miss. 1989).

The procedural bar aside, the standard of review for a trial court's refusal of jury instructions is clear in Mississippi. "This Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Accordingly, defects in specific instructions do not require reversal where all instructions taken as a whole fairly--although not perfectly-- announce the applicable primary rules of law." *Shields v. Easterling,* 676 So. 2d 293, 295 (Miss. 1996); *Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352, 1356 (Miss. 1995). In the present case, Drexler contends that the court erred by refusing jury instruction P-4, which read as follows:

> If you find from a preponderance of the evidence that the Defendant's dog had a vicious or dangerous disposition and, prior to the event when Allana Drexler was bitten, had exhibited in some manner dangerous or vicious characteristics of which the Defendant knew or reasonably should have known, then you shall return a verdict in favor of the Plaintiffs.

We find that submission of the Appellant's above jury instructions would have misstated the law as an absolute liability for owners of dogs in this state. In *Poy v. Grayson*, the Mississippi Supreme Court held that "the sounder rule requires that there be some proof that the animal has exhibited some dangerous propensity or disposition prior to the attack complained of, and, moreover, it must be shown that the owner knew or reasonably should have known of this propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone." *Poy v. Grayson,* 273 So. 2d 491, 494 (Miss. 1973). We agree that this is a sounder rule than one of absolute liability that does not require an inquiry into the facts surrounding the incident.

We find that the Smiths' jury instruction D-3 fairly announced the law of Mississippi on the liability of a dog owner. Jury instruction D-3 stated:

> The burden of proof in this case is on the Plaintiffs. The Plaintiffs must prove by a

preponderance of the evidence that John and Genevia Smith were negligent. In this case, the Plaintiffs must prove the following elements:

1. That the dog was of a vicious or dangerous disposition; and

2. That prior to the incident with Allana, the dog had exhibited some dangerous propensity or disposition; and

3. That the Smiths knew or reasonably should have known of this allegedly dangerous propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone; and

4. That the Smiths, with such knowledge of dangerous propensities, failed to exercise reasonable care in restraining the dog and/or preventing him from attacking anyone without provocation.

We find that "this instruction . . . is appropriate where there is before the [c]ourt an evidentiary basis upon which the jury could [have found] the factual predicates to the suggested end." *Splain v. Hines,* 609 So. 2d 1234, 1240 n.5 (Miss. 1992). Therefore, we do not find that trial court committed error by granting jury instruction D-3, nor do we find that the court erred by refusing to instruct the jury on the common law strict liability standard. Finding that the Appellant's assignments of error are without merit, we affirm.

**THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**